## Charles L. Boyd v. Charles J. Magill.

1. RECEIVERS—*When the Jurisdiction of the Court Appointing Ends.*—When a receiver is discharged all right upon the part of the court to proceed against him summarily ceases, and he is no longer subject to its jurisdiction, except such jurisdiction as is acquired in the ordinary methods available to all suitors.

2. SAME—*Payment of Taxes by Receivers.*—Where a mortgage creates a charge upon the rents of the premises pledged, and provides that a receiver in case of foreclosure proceedings may be appointed and out of rent funds in his hands pay such taxes, he has a right to do so.

Foreclosure.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Reversed. Opinion filed February 21, 1902.

Boyd v. Magill.

*November 11, 1897*, one Delia F. McIntyre filed a bill to foreclose a mortgage on certain real property. To this bill " Stephen D. Demmon, Charles J. Magill, M. Bryant (trustee), H. E. Eastman (successor in trust), and Nathan L. Hallowell (receiver)," were made defendants.

*November 16, 1897*, Charles L. Boyd was appointed receiver. *January 3, 1898*, a decree of foreclosure and sale was entered. *February 3, 1898*, the master's report of sale was filed and confirmed and a deficiency decree of $267.25 entered against Stephen D. Demmon.

*May 9, 1899*, the final report of Boyd, receiver, was filed, showing a payment of $193.32 for taxes and a balance in his hands of $146.53; thereupon the court, after finding certain things, among others that the " receiver has in all things obeyed the orders and directions of the court," entered the following order:

" It is therefore ordered, adjudged and decreed that the final report of Charles L. Boyd, as receiver herein, be approved and confirmed in every particular, and that said Charles L. Boyd be allowed to pay himself out of the funds in his hands, as a reasonable fee for his services as such receiver, the sum of $35, and also to pay to M. Bryant, his solicitor, for fees, the sum of $25, and also to pay to Delia F. McIntyre the money advanced by her for the payment of taxes, the sum of $86.53.

" It is further ordered that said Charles L. Boyd, the receiver herein, be and he is hereby discharged from further duties and responsibility as receiver herein, and that his bond is canceled and the sureties therein released and discharged.

"O. K.   M. BRYANT,
Solicitor for complainant.
O. K.   STEPHEN D. DEMMON."

September 26, 1900, there was filed, as of May 18, 1900, the following notice:

" SUPPLEMENTARY PROCEEDINGS.
Notice.
(Filed September 26, 1900, as of May 18, 1900.)

STATE OF ILLINOIS, } ss.
    Cook County.     }

In the Superior Court of Cook County.

DELIA F. MCINTYRE    }
        vs.          } 187058
STEPHEN D. DEMMON ET AL. }

To CHARLES L. BOYD, Receiver:

You are hereby notified that on Friday, the 18th day of
May, A. D. 1900, at 10 A. M., or as soon thereafter as coun-
sel can be heard, one of defendants, before his Honor,
Judge Chetlain, in the room usually occupied by him as a
court room, in said county, Charles J. Magill, will ask for
leave to file a bill for an accounting against Charles L.
Boyd, receiver, at which time and place you can appear if
you see fit.
                              Yours, etc.,
                              STEPHEN D. DEMMON,
Dated May 17, 1900.            Solicitor for Magill."

And September 26, 1890, there was filed, as of June 2, 1900,
an affidavit by Stephen D. Demmon. Whereupon the court,
August 17, 1900, entered an order reciting various matters,
and concluding as follows:

"It is therefore ordered that the sum of $193.32—being
the amount fraudulently diverted by the said receiver,
Charles L. Boyd, for the payment of taxes of the purchaser
with his solicitor's knowledge of the ownership of said
moneys in said receiver's hands, and without notice to the
said Charles J. Magill, the owner of the equity of redemption
in the above entitled suit—be paid by the said receiver,
Charles L. Boyd, to the said owner of the redemption,
Charles J. Magill."

M. BLANCHARD, attorney for appellant.

STEPHEN D. DEMMON, attorney for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The affidavit of Demmon, filed September 26, 1900, as of
June 2, 1900, and which seems to be the basis, "no other

basis appears," of the order entered August 17, 1900, from which this appeal is prosecuted, contains no mention of allusion to appellant other than the following :

" Your affiant further shows that said owner of the premises in question, Samuel E. Magill, was not a party to the foreclosure, and is not now estopped from setting up his right to the funds of the receiver, collected during the period of the equity of redemption, and which belonged to the said Samuel E. Magill, and which have been disbursed for the interest of the purchaser, and without notice to the said Samuel E. Magill.

STEPHEN D. DEMMON."

The greater portion of Demmon's affidavit is devoted to an attack upon the solicitor for the complainant in the foreclosure case.

The notice to appellant may have been served upon him, although that does not appear, but if it were, neither by it nor by the affidavit of Demmon did the court acquire any jurisdiction to make the order it entered.

The foreclosure proceedings terminated *February 3, 1898;* the receiver's final report was approved and he discharged *May 9, 1899.*

All jurisdiction over him was lost at the close of the May term of that year, the 31st day of May, 1899. More than a year elapsed after his discharge ere any attempt was made to proceed against him in the suit in which he had been receiver.

When a receiver is discharged all right upon the part of the court to proceed against him summarily ceases, and he is no longer subject to its jurisdiction, except such jurisdiction as is acquired in the ordinary methods available to all suitors. Smith on Receiverships, Sec. 133; High on Receivers, 3d Ed., Sec. 848.

In chancery all final orders and decrees must be supported by the record. There is nothing in the affidavit of Demmon or in the record of the foreclosure case, if that were upon this order to be considered, warranting the finding that the receiver had fraudulently diverted $193.32, or any other sum, or justifying the order that he pay this amount to Charles J. Magill.

The order entered August 17, 1900, is entered:

DELIA F. McINTYRE
v.
STEPHEN D. DEMMON. } Bill.

There was then no such cause pending; it had been terminated for more than a year, and there was nothing before the court tending to show that appellant, who had once been receiver in such cause, had then a penny of the funds that had come into his hands as such receiver, or that he had not faithfully accounted for and paid over all he had so received, in accordance with the order of the court.

Not from the record, but by the briefs of counsel, we learn that it is claimed that the receiver should not have paid the taxes upon the premises that fell due during the period allowed for redemption. If the mortgage created a charge upon the rents, and provided that a receiver might be appointed, and that he, out of such rent funds in his hands, should pay such taxes, then he had a right so to do. First National Bank v. Illinois Steel Co., 72 Ill. App. 640–647; Oakford v. Robinson, 48 Ill. App. 270.

The order of the Superior Court is reversed.