## George A. Loughridge v. Helge A. Haugan, Trustee, and Axel Chytraus.

1. EQUITABLE LIENS—*Possession of Premises Pending Foreclosure.*— A contract for the possession and income of premises pending a foreclosure proceeding is valid and binding and will be enforced by the court.

**Bill for Foreclosure.**—Appeal from the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Heard in this court at the March term, 1898. Affirmed. Opinion filed January 9, 1899.

CHARLES PICKLER, attorney for appellant.

EDWIN WHITE MOORE, attorney for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellees filed a bill for the foreclosure of a trust deed. Appellee Haugan filed his affidavit to the effect that all of the allegations contained in the bill of complaint are true in substance and in fact.

The court, upon motion of appellees, entered an order appointing a receiver of the rents and profits of the premises in question. The appointment was *pendente lite*, and shortly after the filing of the bill. A verified answer to the bill of complaint and certain affidavits were filed by appellant upon the same day upon which the order was entered, and by supplemental record, it appears that they

were considered by the court upon the motion for the order. The order recited, among other things, that it was entered upon petition of complainant, that it appeared to the court "that the trust deed sought to be foreclosed in said suit is a second lien on said premises, subsequent and inferior to a prior lien of a trust deed to secure the sum of seventy-five hundred dollars ($7,500), and that no interest has been paid upon either of the sums secured by said liens, and that the taxes for the years 1896 and 1897, to the amount of more than $400, are unpaid, and that the water rent for the sum of $45.79 is unpaid, and that it is provided in and by the trust deed sought to be foreclosed herein, that the grantors in said trust deed therein and thereby waived all right to the possession of and income from said premises, pending this foreclosure proceeding, and until the period of redemption from any sale thereunder shall expire, and agree that a receiver shall be appointed to take possession or charge of said premises, and collect the income therefrom; and that the rights of said complainant in the premises will be lost or injured if such receiver be not appointed."

It is contended by appellant's counsel that the order is erroneous, because there is no showing that the security is inadequate or that the persons personally liable to pay the debt secured are insolvent.

The verified bill of complaint does allege that the premises are scant security, and that the grantors in the trust deed have no property out of which any deficiency could be satisfied. Appellant, however, purchased the premises subject to the trust deeds in question, and assumed the payment of the indebtedness thereby secured, and his verified answer avers that he assumed "an incumbrance amounting to $10,000." No insolvency of appellant is alleged by the bill of complaint.

But questions as to sufficiency of security and solvency of appellant are not important, by reason of the provisions of the trust deed. It is therein provided that the grantors waived all right to the possession and income from the premises pending a foreclosure proceeding, and agreed that a receiver be appointed in case of such foreclosure.

Such an equitable lien will be enforced by the courts. Oakford v. Robinson, 48 Ill. App. 270; Nicolls v. Peninsular Stove Co., 48 Ill. App. 317; First Nat'l Bank v. Illinois Steel Co., 174 Ill. 140.

The order is affirmed.