## F. R. BAGLEY
### *v.*
## THE ILLINOIS TRUST AND SAVINGS BANK.

*Opinion filed October 25, 1902.*

1. RECEIVERS—*when receiver may be appointed under trust deed without regard to insolvency of grantors.*  If the grantors in a trust deed expressly waive their right to retain possession after default in payment or breach of covenant, and it is provided that the court may appoint a receiver during the pendency of a suit to obtain a decree of sale, the effect is to pledge the rents as fully as the property itself, and a court of equity may appoint a receiver without regard to the solvency of the grantors.

2. SAME—*court is not bound to appoint receiver because such appointment is provided for.*  A court of equity is not bound to appoint a receiver in foreclosure merely because such appointment is stipulated for in the mortgage, where it is not necessary to enforce the lien on the rents and profits; but such provision is entitled to weight in determining whether the power of the court to make the appointment shall be exercised or not.

3. SAME—*when court does not err in appointing receiver.*  A court of equity does not err in appointing a receiver in foreclosure where the rents and profits are pledged by the mortgage and the appointment of a receiver is provided for, and where the mortgagor has suffered interest to accrue to a large amount and failed to keep the building insured, and it is uncertain whether the property will bring enough at foreclosure sale to satisfy the mortgage debt.

*Ryan* v. *Illinois Trust and Savings Bank,* 100 Ill. App. 251, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

THOMAS E. D. BRADLEY, and HUTCHINSON, NEIGER & KIMBARK, for appellant.

JAMES C. HUTCHINS, and MAX BAIRD, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee brought its bill in the superior court of Cook county to foreclose a deed of trust, as a mortgage, on real property, securing a promissory note for $40,000 given for borrowed money, and ten interest coupon notes. Soon after answer and replication were filed, the court, on application of the complainant, appointed a receiver to collect the rents during the pendency of the suit. The cause was referred to the master, who reported the evidence and recommended a decree as prayed. After overruling exceptions the court entered a decree finding the amount due, and ordering, in default of payment within a specified time, a sale of the property. The Appellate Court, on appeal of the mortgagors, the Ryans, and the appellant, Bagley, a tenant, affirmed the decree, and Bagley has taken this further appeal to this court, and has assigned here as the principal error relied on, the appointment of the receiver.

The deed of trust contained a release and waiver of homestead, "and all right to retain possession of said premises after any default in payment or a breach of any of the covenants or agreements contained in the deed." It also contained this provision: "If default be made in the payment of said indebtedness or of any part thereof, or the interest thereon or any part thereof, at the time and in the manner above specified for payment thereof, or in case the buildings or improvements on said premises shall be destroyed or materially injured, or in case of waste or breach of any of the covenants or agreements herein contained, then and in either such case the whole of said principal sum and interest shall thereupon, at the option of the legal holder or holders thereof, become immediately due and payable, *and on application of the*

*legal holder of said promissory notes, or either of them, it shall
be lawful for the said grantee or his successor in trust to en-
ter into and upon and take possession of the premises hereby
granted, or any part thereof, and such legal holder, in his own
name or otherwise, may file a bill in any court having juris-
diction thereof, against the said party of the first part, their
heirs, executors, administrators and assigns, to obtain a decree
for the sale of the whole or any part of said premises for the
purposes herein specified, and the court may then appoint a
receiver to collect the rents during the pendency of the suit."*

There had been default in the payment of two install-
ments of interest, and appellee, shown by the evidence
to have been the legal holder of the securities, elected to
declare the entire debt to be immediately due and pay-
able, in accordance with the terms of the deed, and there-
upon filed the bill in this case. The record discloses that
the chancellor did not appoint a receiver when first ap-
plied for by the complainant, but deferred action for a
few months, until the unpaid interest had accumulated
to the amount of about $3800, and the holder of the se-
curities had expended upwards of $300 to keep the build-
ing insured which the mortgagors had covenanted to keep
insured, which covenant he had broken. The motion was
then allowed and the receiver appointed to collect the
rents, except of the part used as a homestead by the
mortgagors and another portion which yielded them $40
as rent per month. The possession of these portions the
mortgagors were allowed to retain. We are unable to
discover any error in the decree appointing the receiver.
By the express provisions of the deed of trust the mort-
gagors waived their right to retain possession after any
default in payment or after breach of any of the cove-
nants in the deed. It also provided that the legal hold-
ers of the notes might file a bill in any court having
jurisdiction, to obtain a decree for the sale of the prop-
erty, and that the court might appoint a receiver to col-
lect the rents during the pendency of the suit. Nothing

more has been done than the parties stipulated for in their deed. The effect of the deed was to pledge the rents for the payment of the debt as fully as the property itself, and to make the pledge effectual the appointment of a receiver to collect them was stipulated for. Such a provision in the mortgage created a valid lien on the rents, which equity will enforce without regard to the question of insolvency of the mortgagors. *First Nat. Bank of Joliet* v. *Illinois Steel Co.* 174 Ill. 140; *American Bridge Co.* v. *Heidlebach*, 94 U. S. 798; *Freedman's Saving and Trust Co.* v. *Shepherd*, 127 id. 494; 1 Jones on Mortgages, (5th ed.) sec. 771.

It is not meant, however, to be said that a court of equity will appoint a receiver simply because such appointment is stipulated for in the mortgage. The court is not bound to enforce such a provision where it is not necessary to enforce the lien on the rents and profits for the payment of the mortgage debt. But it has been held that such an agreement in the mortgage is entitled to weight in determining whether the power of the court to make the appointment should be exercised or not. (*Keogh Manf. Co.* v. *Whiston*, 14 N. Y. Supp. 344.) In view of the specific pledge of the rents and profits and the stipulation for the appointment of a receiver, and in view of the uncertainty whether at the foreclosure sale the property would bring an amount sufficient to satisfy the debt, and in view of the fact that the mortgagors had failed to observe their agreement to keep the building, in which the property chiefly consisted, insured, and had suffered interest due and unpaid to accumulate to a large amount, we are of the opinion the chancellor did not err in appointing a receiver. As has been seen, the mortgagors were permitted by the order to retain possession of a certain part of the premises for a homestead and other parts to be rented for their necessary support.

Complaint is also made that the receiver was continued in possession after the decree of foreclosure was

rendered, and it is insisted that the deed provided for a receiver only during the pendency of the suit, and that the suit was not pending after such decree. The suit was still pending. There had been no sale and there were further necessary steps to be taken in the cause. Besides, it could not be definitely known until the sale whether the property would satisfy the debt or not.

Other questions of a very technical nature are raised by the briefs, but they are without merit and require no discussion.

The decree must be affirmed.                    *Decree affirmed.*