**Pauline McLester v. George A. Rose, Trustee, et al.**

1. RECEIVERS—*Of Rents and Profits—When to be Appointed.*—A receiver of the rents and profits may be appointed *pendente lite* when the mortgage is insufficient, and the party personally liable is insolvent, or when it is provided by the deed that the mortgagee shall have the rents and profits after a default.

2. MORTGAGES—*Where Rents and Profits Are Pledged.*—Where the rents and profits are pledged for the payment of the mortgage debt, they are, equally with the land, a primary security.

3. SAME—*Where Rents and Profits Are Not Pledged.*—Unless the mortgagee has contracted that he shall have the rents and income after default made, he is not entitled to get them in, except in case of the insufficiency of the property to meet the debt.

Bill to Foreclose a Trust Deed, and for the appointment of a receiver. · Appeal from an interlocutory order of the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 13, 1902.

WILLIS H. HUTSON, attorney for appellant.

D. G. ROBERTSON, attorney for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

This is an appeal from an interlocutory order appointing a receiver. May 27, 1902, George A. Rose, trustee, and James C. Ridgeway and Alfred McChesney, filed a bill of complaint against appellant and others to foreclose a trust deed or mortgage, and, among other things, prayed for the appointment of a receiver. The trust deed was executed October 23, 1900, by Aaron Baldwin, one of the defendants to the bill, to secure the payment of four promissory notes of the same date, also made by said Baldwin, and pay-

able to the order of Alfred B. McChesney, three of the notes being for the sum of $1,000 each, and one for the sum of $1,080, each of the notes bearing interest at the rate of six per cent per annum, payable semi-annually. The notes were expressed to be due, respectively, in sixty days, twelve months, twenty-four months and thirty-six months after date. June 2, 1902, Pauline McLester, the appellant, and George W. McLester, answered the, bill, alleging among other things, that about June 3, 1901, Pauline McLester purchased the premises described in the trust deed and took title thereto in the name of Moses Greenebaum. On the same day, and after answer filed, the court, on motion of the complainants' solicitors, appointed a receiver, with authority to take charge of the mortgaged premises and collect the rents. It is assigned as error and contended here, that the appointment of the receiver was unwarranted by the evidence or the law, and that it appears by the record that the time of payment of the indebtedness secured by the trust deed had been postponed beyond the time of filing the bill.

By the trust deed Baldwin covenanted to pay all taxes and assessments which might be levied or assessed on the premises, as and when the same should become due and payable, and that he would not suffer any mechanics' or other liens to attach to the premises. The trust deed also contains the following:

" It is hereby stipulated and agreed that, in case of failure to pay any note or indebtedness hereby secured, or interest thereon, as and when the same shall become due and payable, or in case of a breach of any of the agreements or covenants herein contained, then, in either of said events, any or all of the notes, or other indebtedness hereby secured, may, at once, at the option of the legal owner thereof, without notice thereof to said grantor, his heirs, executors, administrators or assigns, become due and payable, and thereupon, the legal owner of the said indebtedness, or any part thereof, or the said trustee, shall have the right, immediately, to foreclose this trust deed, and upon the filing of any bill for that purpose, the court in which such bill is filed may, at once, and without notice to the said grantor,

or any one claiming through or under him, appoint a receiver, with the usual powers of receivers in chancery, and especially with power to collect the rents, issues and profits of the said premises during the pendency of said foreclosure suit, and until the time to redeem from any sale that may be made under any decree foreclosing this trust deed shall expire."

The breaches alleged in the bill are, that the semi-annual interest due on the notes April 23 and October 23, 1901, and April 23, 1902, was not paid, and that the taxes on the premises for the year 1901 had not been paid. The provision in the trust deed in regard to the appointment of a receiver is substantially the same as that in Loughbridge v. Haugan, 79 Ill. App. 644, in the opinion in which case it is said : " But questions as to sufficiency of security and solvency of appellant are not important, by reason of the provisions of the trust deed. Such an equitable lien will be enforced by the courts;" citing cases. The following authorities, in addition to those cited in Loughbridge v. Haugan, support the view that a provision such as that in the trust deed in question, will warrant the court in appointing a receiver of the rents and profits. " A receiver of the rents and profits may be appointed *pendente lite* when the mortgage is insufficient, and the party personally liable is insolvent, or when it is provided by the deed that the mortgagee shall have the rents and profits after a default." 2 Jones on Mortgages, Sec. 1516; Smith on Receiverships, p. 270, a; Wiltsee's Mort. Foreclosing, p. 781, Sec. 657; Shotwell v. Smith, 3 Edward's Chan., marg. p. 588; Whitehead v. Wooten, 43 Miss. 528.

It seems to be treated by the authorities as beyond doubt that a receiver may be appointed when the rents and profits are pledged by the mortgage. In Shotwell v. Smith, *supra*, the court say : " I consider the court has no authority to interfere with a mortgagor's right to the rents, unless such rents, as well as the property, have been pledged as security for the debt, or there is a clear want of security."

In Whitehead v. Wooten, *supra*, the court say : " Un-

less the mortgagee has contracted that he shall have the rents and income after default made, he is not entitled to get them in, except in case of the insufficiency of the property to meet the debt."

In First National Bank v. Illinois Steel Co., 174 Ill. 140, the mortgage contained a provision for the appointment of a receiver similar to that in the trust deed here involved. The court, commenting on the provision, say : "Under this clause in the mortgage a lien is given, by express words, upon the rents and profits, and such an equitable lien a court of equity will enforce." This is equivalent to saying that the rents and profits, equally with the body of the land, were pledged to secure the indebtedness, and were, equally with the land, a primary security, because the only effect of the mortgage, as to the land, is to create a lien. In the same case the court quote with approval the language of the Appellate Court in Oakford v. Robinson, 48 Ill. App. 270, in which the court say of a similar provision : "This authorized the appointment of a receiver, in the discretion of the court, without regard to the solvency of the mortgagor." The authorities cited and others which might be cited, sustain the view that the terms of the trust deed, exclusive of questions as to the sufficiency of the land as security and as to the solvency of those personally liable for the indebtedness, warranted the court in appointing a receiver. The question whether the court may, under any circumstances, and notwithstanding such provision in a mortgage, refuse to appoint a receiver on the filing of the bill, is not presented by the record.

The conclusion reached renders it unnecessary to discuss the questions as to the sufficiency of the security, exclusive of the rents, and the solvency of the grantor in the trust deed, but inasmuch as counsel for appellant has discussed these questions, we think it not inappropriate to say that, after careful consideration of the pleadings and the affidavits in support of and against the motion for the appointment of a receiver, we can not say that we would be pre-

pared to hold, even in the absence of the agreement in the trust deed for the appointment of a receiver, that the court abused its discretion.

Appellant's counsel bases his contention that the bill was prematurely filed on the following facts:    June 3, 1901, at which date appellant alleges in her answer she purchased the mortgaged premises, George W. McLester indorsed the $1,000 note, payable in sixty days from date, as follows :

"CHICAGO, ILL., June 3, 1901.

In consideration of the time of payment being extended one year and eight months from the date of maturity, I hereby guarantee the prompt payment of the within note and interest as therein stipulated.

GEORGE W. McLESTER."

George W. McLester made the same indorsement on each of the other principal notes, with the exception that one of the other two $1,000 notes was extended twenty-four months, and the $1,080 note was extended thirty-six months. There were coupon or interest notes for the interest due, respectively, April 23 and October 23, 1901, and April 23 and October 23, 1902.    These coupons McLester did not indorse.    In the answer of appellant and George W. McLester it is averred as follows :

" That in all the negotiations of such purchase between complainants and these defendants nothing was said by complainants or their agents of the existence of any coupon notes evidencing interest upon said principal notes; that in another deal closed at said time with said McChesney he had used no coupon notes to evidence interest, and that these defendants believed that no coupon notes were in existence for interest upon the indebtedness in suit; that said McChesney brought forth the four principal notes herein, saying nothing about the interest coupons, failing to produce the same, and said McChesney represented to the defendant, George W. McLester, who conducted all negotiations respecting the property herein, that said four principal notes were the only notes secured by the mortgage herein."

The bill was filed May 27, 1902, and the termination of the shortest extension, that of the $1,000 note payable sixty days after date, will be April 8, 1903.    These facts do not

support the contention of counsel. In every indorsement by McLester these words occur: "I hereby guarantee the prompt payment of the within note and interest thereon as therein stipulated." The notes were before him when he indorsed them, and every note provides, in terms, for interest at the rate of six per cent per annum, payable semi-annually. Each note also referred to the trust deed. No interest coupons are attached to or mentioned in the sixty-day $1,000 note, but in the other three notes it is stated, in terms, that the several installments of interest are evidenced by interest notes or coupons.

McLester's guaranty included the prompt payment of the interest as stipulated in the principal notes, and it is immaterial whether or not he saw or knew of the interest notes; but he had ample opportunity to know of them, because they were mentioned in the very notes which he had in his hands and indorsed. The allegation that McChesney represented to George W. McLester that the four principal notes were the only notes secured by the mortgage, we regard as unimportant, assuming it to be true. The principal notes include the interest for which the interest notes were given. The latter are merely additional evidence of the interest to be paid, and if McChesney made the representation alleged, it was substantially correct.

We think it plain that the extension of the principal notes, in which the payment of semi-annual interest was stipulated, did not affect the provisions of the trust deed in respect to default in the payment of the interest.

The order will be affirmed.