## Sarah Dexter Noe v. John H. Witbeck.

1. ·WRITTEN INSTRUMENTS—*Construction, Where There is an Obvious Mistake Made on the Face of the. Instrument.*—A court of law may, when there is an obvious mistake made on the face of the instrument, which is corrected by other expressions therein, construe it according to the evident intent of the parties, as manifested by all the language used.

**Bill to Foreclose a Trust Deed.**—Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed January 26, 1903.

**Statement.**—This is an appeal from a decree foreclosing a trust deed on a bill filed by appellee July 13, 1901, against John A. and Maggie A. Doherty and appellant.

The Dohertys executed to Witbeck, November 1, 1897, their two promissory notes, payable to their own order and by them indorsed, one for the sum of $6,000, due five years after date, and the other for the sum of $1,500, due two years after date, both notes bearing interest at the rate of six per cent per annum before maturity, and on default of payment of the interest at maturity, the interest to be seven per cent after maturity. The interest was payable semi-annually and was evidenced by interest notes. Payment of the $1,500 note was extended by indorsement thereon, as follows : " The within $1,500 principal note is hereby extended as follows : $500 to be paid on or before May 1, 1901, and the remaining $1,000 to be paid on or before November 1, 1901." "Three interest coupons of $45 each, due, one May 1, 1900, one November 1, 1900, and one interest coupon for $30, due November 1, 1901, are to be given for the semi-annual six per cent interest to accrue during such extension." Notes for the semi-annual interest were given accordingly. The trust deed contains a provision that "if the time for the payment of the principal sum aforesaid shall be extended, the provisions of said note and this trust deed shall continue in force until the sums hereby secured are fully paid."

Issues having been made upon the bill, the cause was referred to a master to take proofs and report his conclusions. Pending the reference to the master, the court made the following order :

" This cause having come on to be heard, upon motion of the complainant to appoint a receiver of the property named in the bill in this cause, and upon the bill of complaint herein, and it appearing to the court that there should be a receiver to take charge of the buildings and the property for the benefit of the complainant herein, and said cause having been argued by the counsel for the respective parties, now, therefore, in consideration thereof it is ordered, adjudged and decreed and the court doth hereby order, adjudge and decree, that Homer G. Howard be appointed receiver of the grounds and building described in the bill of complaint herein," etc.

The master's report is, in substance, as follows :

That notes and trust deed were executed and delivered to complainant by the Dohertys as stated in bill of complaint.

That said deed of trust contains, among other provisions, the following :

" And it is further covenanted and agreed that in case of default for a period of ten days in making payment of any of said notes, either principal or interest, or of a breach of any covenant or agreements herein by the party of the first part, or the heirs, executors, administrators or assigns of the said first party, then the whole of said principal sum hereby secured shall at once (without notice thereof to said party of the first part, or the heirs, assigns or legal representatives of said party), at the option of the holder of any one of said notes then unpaid, become due and payable. And the said party of the first part hereby appoints any attorney of any court of record to be the true and lawful attorney of said party of the first part, to appear in any court of record in which any bill may be filed for the foreclosure of this deed, and waive service of process, and file an answer therein confessing all material facts in said bill set forth, and waiving proof thereof, and confessing to be due the amount claimed therein for principal and interest, and advances and expenses under this deed, and consenting to the immediate entry of a decree therefor, and of a decree for strict foreclosure if the same be prayed

in such bill, directing a sale forthwith of said premises, and all right, title and equity of redemption of the party of the first part, the heirs and assigns of said party, therein, in accordance with law and the practice of such court, for the purpose of paying the amount of such decree, interest and costs, and to such other provisions, orders and findings as are usually embraced in such decrees, and consenting that said party of the second part or either of his successors in trust may be appointed a special commissioner to make the sale provided for in said decree, who shall receive as his commission upon such sale an amount equal to that allowed by law to sheriffs upon sales upon execution, and such compensation as receiver as the court may direct. And out of the proceeds of such sale shall be paid:

"First. All the costs of such suit, including attorney's and trustee's fees. And it is agreed the sum allowed and decreed for complainant's solicitor's fee shall be five per cent of the amount of the principal note hereby secured, and in no event less than one hundred dollars.

"Second. All the moneys advanced by the party of the second part, or his successor in trust, or any one of the holders of said notes for taxes, assessments, insurance, abstracts of title, repairs, mechanic's liens, or for any other purpose authorized in this deed, with seven per cent interest on such advances.

"Third. All the accrued interest remaining unpaid on any of said notes.

"Fourth. All of said principal money remaining unpaid; and the overplus of the purchase money, if any there be, shall then be paid to the said Maggie A. Doherty and John A. Doherty, or their heirs, successors or assigns, on reasonable request."

"That all of the notes except those shown as exhibits filed with the complaint were paid and discharged.

"That at the date of the filing of the bill of complaint herein, complainant was and still is the legal holder and owner of said notes filed as exhibits with the bill of complaint.

"That default was made in the payment of the note maturing May 1, 1901, and that said default continues to this day.

"That on August 16, 1901, the said complainant advanced the sum of $4.25 as and for a continuation of the abstract of title to said premises.

"Finds that the Dohertys conveyed premises to defend-

ant Noe by warranty deed, which deed was recorded in the Recorder's office of Cook county, Illinois, and

" Such warranty deed contained the following :

"'This conveyance is made subject to a trust deed to Will H. Moore, trustee, dated November 1, 1897, made by grantors herein to secure two principal notes executed by said grantors, and payable to their own order and by them indorsed, one for $6,000, payable five years after its date, and one for $1,500 payable two years after its date, both bearing interest at six per cent per annum, evidenced by interest notes; said $1,500 note having been extended by the legal holder thereof as follows: $500 to May 1, 1901, and $1,000 to November 1, 1901. Also subject to taxes for the year 1900, all which the party of the second part herein assumes and agrees to pay.

" Finds that defendant Noe is the owner of equity of redemption, and is personally liable to complainant for the indebtedness secured by the last mentioned trust deed.

" Said master further finds that there is due, owing and payable to complainant, John H. Witbeck, from defendants, Maggie A. Doherty and John A. Doherty, and from defendant Sarah Dexter Noe, and from each of them, on account of the provisions of said notes and said deed of trust, and on account of the foregoing, the sum of $7,964.62, as appears from the following items :

| | | |
|---|---:|---:|
| Principal promissory note ' B ' due by election.. | $1,500 | 00 |
| Seven per cent interest on $500 from May 1, 1901, to November 1, 1901..................... | 17 | 50 |
| Six per cent interest on $1,000 from May 1, 1901, to November 1, 1901..................... | 30 | 00 |
| Extension of interest note No. 3, due May 1, 1901 | 45 | 00 |
| Seven per cent interest from May 1, 1901, to November 1, 1901............................ | 1 | 57 |
| Principal promissory note 'A' due by election.. | 6,000 | 00 |
| Six per cent interest thereon from May 1, 1901, to November 1, 1901...................... | 180 | 00 |
| Interest note No. 'A' due May 1, 1901......... | 180 | 00 |
| Seven per cent interest thereon from May 1, 1901, to November 1, 1901...................... | 6 | 30 |
| August 16, 1901, cash advanced for abstract of title.................................... | 4 | 25 |
| Total................................ | $7,964 | 62 |

" Also the further sum of $375 incurred to be paid herein as and for complainant's solicitors' fees, which sum

last mentioned is five per cent of the amount of the principal notes secured by said trust deed and expressly provided by said deed of trust, and is a usual, reasonable and customary fee for the services rendered in and about this cause by the solicitors for the complainant.

"That said complainant, John H. Witbeck, has a valid lien on said premises for the amounts above found due him.

"Said master therefore recommends that the usual and regular decree of foreclosure and sale be entered herein in accordance with this report.

"All of which is respectfully submitted this 1st day of November, 1901."

Objections were filed by appellant to the master's report, which were ordered to stand as exceptions on the hearing. The court overruled the exceptions, confirmed the report and decreed in accordance therewith. It was provided in the decree that, in the event of a deficiency, on sale of the premises, the complainant should have a deficiency decree against appellant and the Dohertys.

F. W. COOMBS, attorney for appellant; R. W. ROBINSON, of counsel.

MILLARD & ABBEY, attorneys for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellant's counsel objects that there is no averment in the bill that appellant accepted the deed of the premises in question from the Dohertys, or any evidence that she took possession of the premises, as averred in the bill, or that appellee was the legal owner or holder of the notes at the time of their maturity, or that appellee ever elected to declare any unmatured principal sum due; that there is no evidence to sustain an item of $4.25 included in the amount found due by the master; that the amount allowed as solicitors' fees is excessive and unwarranted, and that the court erred in appointing a receiver.

It is averred in the bill that the Dohertys "executed and delivered to one Sarah Dexter Noe" their warranty deed of the premises described in the trust deed. This is a sufficient averment. A delivery necessarily imports a recip-

Noe v. Witbeck.

ient.  Appellant does not deny the delivery to her, or that she accepted; but impliedly admits acceptance of the deed. She avers in her answer that she is the owner of the premises, but denies liability " by reason of the execution or delivery to her of any deed by the said John A. Doherty, or the said Maggie A. Doherty."

On the hearing before the master the following occurred :

Q.  " Have you got the deed with you, Mr. Coombs, the deed from Maggie A. Doherty and John A. Doherty to Sarah Dexter Noe, conveying the real estate described in the bill ? "

Mr. Coombs :   " No, sir, I have not."

Q.   " Mrs. Noe has the deed, or you have it for her ? "

Mr. Coombs :    " My impression is that it has been returned from the recorder's office.   It is either in her possession, or it has not been returned from the recorder's office."

Mr. Coombs, appellant's solicitor, then said he had no objection to the putting in evidence a certified copy of the deed.   Whether or not appellant went into actual possession of the premises, is immaterial.  The notes were produced and  put  in evidence by appellee, and  William  H. Moore testified that the Dohertys executed the notes, and that they were delivered by him, the witness, to appellee.   The filing the bill was a sufficient election by appellee to declare the unmatured paper due.   As to the item of $4.25 contained in the master's report as follows, " August 16, 1901, cash advanced for abstract of title," the evidence is that appellant's solicitors advanced that sum, on behalf of the complainant, toward paying for an abstract of title.   It is, however, sufficient to say that in the objections to the master's report, which were made exceptions on the hearing, there is no specific objection to the $4.25 item, or any objection sufficient to call the master's attention to it.   The provision of the trust deed in respect to solicitors' fees is as follows :

" And it is agreed the sum allowed and decreed for complainant's solicitors' fees shall be five per cent of the amount of the principal note hereby secured, and in no event less than one hundred dollars."

The objection of appellant's counsel is that there were two principal notes; that the provision quoted should be applied to the smaller, or $1,500 one, and that the fee should be, at most, $100. But in a prior part of the trust deed the following occurs : " Now, therefore, this indenture further witnesseth, that the said party of the first part, for the better securing the payment of said principal sum of money, with interest thereon, according to the true intent and meaning of the said principal notes and of the said interest notes, and the prompt fulfillment of the covenants on the part of the said first party herein contained," etc.; then follow the words of conveyance. The original trust deed put in evidence before the master, and returned by him to the lower court as an exhibit, has been produced before us. It is a printed form, with only such written words in it as are necessary to make it applicable between the parties to it, and in it the words " principal note," where they occur in the above quotation, are in print, and next after the "e" in the word "note" the letter "s" is written, making the words to read " principal notes." We think it clear that, in the provision for solicitors' fees quoted *supra*, the letter "s" was omitted by mistake or inadvertence after the word " note," and that the parties intended five per cent of the principal notes and not of the " principal note." The parties evidently intended a criterion for the allowance of a solicitor's fee, but the words " principal note " furnish no criterion, because there are two principal notes, and in this patent ambiguity it seems impossible to determine on which of the notes, if either, to estimate the five per cent. The parties evidently intended to state an amount, five per cent of which should be allowed as solicitors' fees. In Siegel, Cooper & Co. v. Colby, 176 Ill. 210, the court say :

" It is well settled that a court of law may, when there is an obvious mistake made on the face of the instrument which is corrected by other expressions therein, when the whole instrument is considered, construe it according to the evident intent. of the parties, as manifested by all the language used."

In Packer v. Roberts, 140 Ill. 9, it is said, in connection

with a review of many authorities on this subject, "Inaccuracy of language which results from inserting a word not meant, or using the wrong word, will not be permitted to defeat the intention, when it can be distinctly ascertained." See also, Packer v. Roberts, cited by the court, *supra*.

One witness testified before the master that the usual and customary fee for foreclosing a mortgage is five per cent of the amount due. Another testified that a fair, usual and customary fee would be from $400 to $500.

The trust deed contains the following provision :

" And it is covenanted and agreed by and on behalf of said first party, and on behalf of said first party's heirs, legal representatives, assigns and lessees of said premises, that upon or after the commencement of proceedings in any court to foreclose this deed of trust, as hereinbefore provided, a receiver may be appointed by such court, and continued in office to manage the aforesaid property, collect the rents and profits thereof, and apply the same to the costs, interest and debt hereby secured, as such court may direct, until the sale of said premises under the decree in such proceeding," etc.

This provision clearly authorized the appointment of a receiver. McLester v. Rose, 104 Ill. App. 433, citing, among other cases, Loughridge v. Haugan, 79 Ill. App. 644, and First Nat. Bk. v. Ill. Steel Co., 174 Ill. 140. See, also, Bagley v. Ill. T. & S. Bank, 199 Ill. 76.

The sole objection of counsel to the appointment of the receiver is, that the court, after referring the cause to the master, was powerless to hear and determine the application for a receiver. This is rather a startling proposition, and is not in the least supported by Shack v. McKey, 97 Ill. App. 460, or Cox v. Pierce, 120 Ill. 556, cited by counsel. We think it too plain to require argument that the court, by referring the cause to the master, was not rendered powerless to appoint a receiver, as provided by the trust deed.

The decree will be affirmed.