## Adolph Ortengren v. Francis H. Rice.

1. MORTGAGES—*Title of Mortgagee at Common Law.*—At common law the mortgagee had the legal title to the premises, and he had the right to take immediate possession; the mortgagor being a tenant at sufferance.

2. SAME—*Legal Title in Illinois.*—In Illinois the legal title remains in the mortgagor, and the mortgagee has a lien only upon the premises as a security for the mortgage debt.

3. SAME—*Effect of Lien Mortgage.*—The form of mortgage giving a lien on the real estate only, simply authorizes the mortgagee, upon default in payment, to sell the premises and to apply the proceeds of such sale to the payment of the debt. If that be all the court decrees, the possession of the premises remains in, and rents and profits continue to be the property of the mortgagor until the master's certificate has ripened into a deed.

4. SAME—*Object of Appointing a Receiver.*—The whole object to be attained by the appointment of a receiver is to divest the rents and profits from the mortgagor, and to invest them in the mortgagee. By the appointment of a receiver the mortgagee obtains a specific lien upon

Ortengren v. Rice.

the rents and profits to pay the deficiency, or anticipated deficiency. Such an order is merely a collateral remedy against a fund, which in equity is secondarily liable for the payment of the deficiency.

5. SAME—*Appointment of a Receiver Not a Legal Right.*—The appointment of a receiver in such a case is not a legal right. It is an equitable remedy, which will not be granted except upon equitable grounds and for substantial reasons.

6. SAME—*When Mortgagee is Entitled to the Appointment of a Receiver.*—To entitle the mortgagee to this equitable ejectment in this form of mortgage, he must show that the real estate is inadequate security, and that the mortgagor or other person liable for such debt is insolvent.

7. SAME—*Rents and Profits Pledged for the Payment of the Debt.*— Where the rents and profits, together with the land, are pledged for the payment of the debt, then upon default in payment and foreclosure, the rents and profits are, as is the land, primarily liable for the debt. It is therefore a matter of indifference that the real estate is ample security and that the debtor is solvent.

8. SAME—*Interference with Equity of Redemption.*—A mortgage pledging the rents and profits to the payment of the debt does not interfere with the equity of redemption. It is lawful and the courts will enforce it as it is made, *i. e.*, give the rents and profits, as well as the real estate, to the mortgagee as a fund to be applied to the extinguishment of his debt.

9. SAME—*Appointing Receiver During Foreclosure.*—If the rents and profits have been expressly pledged for the payment of the debt, a receiver will be appointed pending the foreclosure.

10. SAME—*Mere Default in Payment—Receivers.*—The mere fact that there has been a default in the payment of the debt is no ground for the appointment of a receiver, unless there be a stipulation in the mortgage that the mortgagee shall have the rents.

11. SAME—*Mortgagor Suffering Premises to be Sold for Taxes.*—A receiver should be appointed where the debtor suffers the premises to be sold for taxes. thereby creating a lien superior to that of the mortgage, which, if not redeemed from, will destroy the mortgage. The mortgagee is not compelled to make such redemption, but may protect himself through a foreclosure.

**Bill to Foreclose a Mortgage.**—Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed October 27, 1902.

April 1, 1898, Cowan and wife executed a mortgage of certain premises to Rice to secure the payment of $18,000 and interest. The mortgage conveyed the land, together with the rents, issues and profits thereof. It provided that

in case of a breach of any of the covenants in the mortgage, the whole sum secured thereby might be declared due and a foreclosure had. It further provided that "in case of the filing of any bill in any court of competent jurisdiction to foreclose this mortgage, the court may appoint ——— or any suitable person receiver, with power to collect the rents, issues and profits arising out of said premises during the pendency of such foreclosure suit, and until the right to redeem said premises from any sale thereof, to be made by virtue of said proceedings, shall have expired, and such rents, issues and profits shall be applied toward the payment of such indebtedness and the costs of such foreclosure."

The bill to foreclose is based upon non-payment of interest, and on negligence in suffering the premises to be sold for taxes.

Upon the application for a receiver the complainant's evidence consisted of the sworn bill, which stated, upon information and belief, the insolvency of the parties personally liable and the insufficiency of the mortgaged property.

The defendant introduced in evidence the affidavits of five persons engaged in the real estate business in Chicago, who swear that they know the value of the property, and they estimate its value at various figures ranging from $48,000 to $54,000. The indebtedness, as stated in the bill, is about $19,000.

The learned judge entered an order appointing a receiver with power to collect the rents and profits now due and unpaid and to become due pending the suit. The appellant appealed from this interlocutory order.

GEARON & GEARON, attorneys for appellant.

ALAN C. McILVAINE, attorney for appellee.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

Litigants are slow to learn that one of the objects for which courts are constituted is to enforce lawful contracts.

In the case at bar the rents, issues and profits of the real estate, as well as the real estate itself, were pledged as security for the indebtedness. Such a contract may be lawfully entered into, and, when fairly executed, the courts will, upon a proper occasion, enforce it, even though it be admitted that the premises are adequate security for the debt and that the mortgagor is solvent.

At common law the mortgagee had the legal title to the' premises, and he had the right to take immediate possession; the mortgagor being a tenant at sufferance. Such is not the law in this state. Here the legal title remains in the mortgagor, and the mortgagee has a lien only upon the premises as a security for the mortgage debt. When he wishes to sell the security he must apply to the equitable side of the court.

The form of mortgage giving a lien on the real estate only, simply authorizes the mortgagee, upon default in payment, to sell the premises and to apply the proceeds of such sale to the payment of the debt. If that be all the court decrees, the possession of the premises remains in, and the rents and profits continue to be the property of the mortgagor until the master's certificate has ripened into a deed.

The whole object to be attained by the appointment of a receiver is to divest the rents and profits from the mortgagor and to invest them in the mortgagee. By the appointment of a receiver the mortgagee obtains a specific lien upon the rents and profits to pay the deficiency, or anticipated deficiency. Such an order is merely 'a collateral remedy against a fund which, in equity, is secondarily liable for the payment of the deficiency.

But the appointment of a receiver in such a case is not a legal right. It is an equitable remedy, which will not be granted except upon equitable grounds and for substantial reasons. To entitle the mortgagee to this equitable ejectment in this form of mortgage, he must show that the real estate is inadequate security, and that the mortgagor or other person liable for such debt is insolvent. To this con

dition of things many, if not all, of the authorities cited by appellant apply.

Where the rents and profits, together with the land, are pledged for the payment of the debt, the case is wholly different. Then, upon default in payment and foreclosure, the rents and profits are, as is the land, primarily liable for the debt. It is therefore a matter of indifference that the real estate is ample security, and that the debtor is solvent. The contract of the parties governs. Such a contract does not interfere with the equity of redemption. It is lawful, and the courts will enforce it as it is made, *i. e.*, give the rents and profits, as well as the real estate, to the mortgagee as a fund to be applied to the extinguishment of his debt.

This distinction is clearly pointed out by the authorities. "If the rents and profits have been expressly pledged for the payment of the debt," a receiver will be appointed pending the foreclosure. 8 Am. & Eng. Ency. 234. "The mere fact that there has been a default in the payment of the debt is no ground for the appointment of a receiver, unless there be a stipulation in the mortgage that the mortgagee shall have the rents." 2 Jones on Mortgages, Sec. 1516.

The law in this regard, where the homestead of the debtor is not involved, is settled in this court by Loughridge v. Haugan, 79 Ill. App. 644, and cases there cited.

There is another sufficient reason why a receiver should have been appointed. The debtors suffered the premises to be sold for taxes, thereby creating a lien superior to that of the mortgage, which if not redeemed from, will destroy the mortgage. The mortgagee is not compelled to make such redemption, but may protect himself through a foreclosure. Mahon v. Crothers, 28 N. J. Eq. 567; Cone v. Paute, 12 Heisk. (Tenn.) 506. This doctrine is mentioned in Shotwell v. Smith, 3 Edw. Ch. (N. Y.) 588, decided in 1842, and is recognized in Haas v. Chicago Bdg. Society, 89 Ill. 498.

How the rents which may come into the hands of the

receiver shall be distributed, is a matter in which we have no present concern. It is the duty of the learned chancellor to first pass upon that question.

The judgment of the Superior Court will be affirmed.