Heaton Owsley et al., v. George A. Neeves et al.
On Appeal of George A. Neeves, Appellant, v. Heaton
Owsley and Harry B. Owsley, Appellees.

Gen. No. 17,459.

1. MORTGAGES—*when mortgagee is entitled to rents during period of redemption.* Where a trust deed expressly secures to mortgagee a lien on the rents during the period of redemption, the owner of the equity is not entitled to any portion of the rents during such period until the mortgagee's deficiency judgment is paid.

2. MORTGAGES—*rents and profits.* Rents and profits are the subject of mortgage.

3. MORTGAGES—*when mortgagee has lien on rents.* A mortgagee has a specific lien on rents and profits when they are expressly pledged by the mortgage as part of his security.

4. MORTGAGES—*rents and profits during period of redemption.* At a foreclosure sale the rents and profits for the period of redemption are not sold, the mortgagee having a lien thereon by the terms of the trust deed.

5. MORTGAGES—*order as to application of rents and profits.* Where by the terms of a trust deed, the mortgagee has a lien on the rents and profits during the period of redemption, no order can be entered that they be applied on the debt until after foreclosure sale.

6. MORTGAGES—*when rents and profits belong to owner of equity.* Where rents and profits during the period of redemption are not expressly mortgaged to secure the debt, they belong to the owner of the equity of redemption, if he is not personally liable for the mortgage debt and there is no deficiency judgment against him.

7. MORTGAGES—*final disposition of rents during period of redemption.* Where the mortgagee has a lien on the rents for the period of redemption, the court need not wait until expiration of the period before making a final disposition of them.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Affirmed. Opinion filed April 30, 1913.

GEORGE A. NEEVES, JR., and LELAND K. NEEVES, for appellant.

BRYAN Y. CRAIG, for appellees.

MR. PRESIDING JUSTICE DUNCAN delivered the opinion of the court.

May 24, 1910, Heaton Owsley and Harry B. Owsley, appellees, obtained a decree in foreclosure of a trust deed to James Patten as trustee to certain premises in Evanston, improved with an apartment building, executed by Arthur Foster and wife, Eleanor J. Foster, as owners to secure Arthur Foster's note for $20,000, owned by appellees and dated December 5, 1904. By warranty deed said Foster and wife on January 18, 1906, conveyed said premises to appellant, George A. Neeves, subject to said trust deed, and also subject to a second trust deed to State Bank of Chicago, trustee, to secure a $2,000 note of said Foster and wife, owned by Thomas R. Warner. Appellant and his wife, said Foster and his wife, said trustee and their successors in trust, Thomas R. Warner, and others, as tenants or secondary lienors, were defendants in said decree and foreclosure proceedings. April 18, 1910, on motion of appellees and said Warner, and by consent of appellant, a receiver was appointed to collect the rents of the premises and to hold the same subject to the further order of the court. Sale was had of the premises pursuant to the decree, July 16, 1910, appellees purchasing the same for $21,500, leaving a deficiency of $668.82 for which sum appellees obtained a judgment against Arthur Foster. On November 23, 1910, the receiver filed his report showing a net balance of rents collected by him of $845.17, after deducting proper charges and disbursements. On December 20, 1910, upon petition of appellees and proof that execution had issued against Arthur Foster on their deficiency judgment and had been returned "no part satisfied," the court ordered and decreed that said judgment of $668.82, with five per cent. interest from the date thereof, July 22, 1910, as a first lien on the rents be paid by the receiver out of the rents in his hands. From that last mentioned order and decree appellant prosecutes this appeal.

The said trust deed of appellees expressly conveyed said premises and the rents, issues and profits thereof, and then provided as follows:

"And  *  *  *  upon the filing of any bill  *  *  * the court in which such bill is filed may at once, and without notice to the said party of the first part (Foster), or any party claiming under said party, appoint a receiver for the benefit of the legal holders of the indebtedness secured hereby, with power to collect rents, issues and profits of the said premises during the pendency of such foreclosure suit and until the time to redeem the same from any sale that may be made under any decree foreclosing this trust deed shall expire."

The trust deed further provided that the indebtedness, including attorney's fees and other charges, shall be paid out of the proceeds of the sale of said premises, "or from rents, as other costs, if not paid by said party of the first part."

The sole question on this appeal, as stated by appellant, is whether or not the court erred in ordering the rents paid to appellees to satisfy their deficiency judgment. The rents in question are those accruing after the sale, appellant conceding that appellees, as mortgagees, are entitled to have the rents accruing before sale applied to the payment of said judgment. Appellant contends that all the security under the trust deed was sold and exhausted by the sale, rents, profits and everything else; and that the trust deed upon which the proceedings were based became entirely merged in the decree and judgment, and ceased to further bind the parties to it or their privies. Appellant was deeded the premises subject to the trust deeds. He did not assume or promise to pay the mortgage debts secured by the trust deeds, and hence he was under no obligations to do so. He was not a party to the deficiency judgment, and was under no obligation to pay the judgment or any part of it, and there is no contention that he was so obligated. He did nevertheless take the mortgaged premises subject to whatever lien

appellees secured thereon by virtue of the trust deed. If the trust deed secured to appellees a lien on the rents of the premises during the period allowed for redemption from the sale, then appellant is not entitled to any portion of the rents accruing after sale and before the time for redemption expired, until appellees' deficiency judgment is completely paid. Appellant cannot get away from the fact that his rights in the premises are subject to whatever lien was created in favor of appellees by their trust deed. Rents and profits are the subject of mortgage. A mortgagee has a specific lien upon rents and profits of mortgaged land when they are expressly pledged by the mortgage as part of his security. The trust deed of appellee expressly provides for the appointment of a receiver for the benefit of appellees as the legal holders of the indebtedness thereby secured, with power to collect rents, issues and profits of the said premises pending foreclosure proceedings and until the time for redemption shall expire. It also provides expressly that the debt shall be paid from the proceeds of the sale or from such rents, if not paid by the mortgagee. Appellant, as subsequent purchaser, was bound by those terms of the trust deed, and the chancellor could not legally or equitably decree otherwise than that appellees were entitled to have their deficiency decree or judgment fully paid out of the rents in question. Appellees had this right, not as purchasers at the sale, but as prior lienors by virtue of the provisions of the trust deed. The property described in the mortgage was sold at the sale, but the rents and profits that accrued during the redemption period were not sold. No order could have been properly entered for those rents to be applied on the debt until after the sale and after it was ascertained that the sale would not completely equal or satisfy the debt and costs. After the deficiency was established appellees then for the first time were entitled to an order applying the rents to extinguish their judgment, and they were entitled to such an order by

reason of the express provisions of the trust deed to which appellant's rights were subject by the express terms of the deed made to him. The foregoing principles are well established as law and equity in this state. First Nat. Bank of Joliet v. Illinois Steel Co., 174 Ill. 140; Oakford v. Robinson, 48 Ill. App. 270; Ortengren v..Rice, 104 Ill. App. 428; McLester v. Rose, 104 Ill. App. 433; Townsend v. Wilson, 155 Ill. App. 303; Bagley v. Illinois Trust & Savings Bank, 199 Ill. 76; Ball v. Marske, 202 Ill..31; Prussing v. Lancaster 234 Ill. 462.

Appellant cites a number of cases to the effect that foreclosure and sale of mortgaged premises extinguishes the lien of the mortgage. They are not applicable here as the rents in those cases named were not expressly mortgaged or pledged to secure the debt as in this case. He also cites Schaeppi v. Bartholomae, 217 Ill. 105, and Standish v. Musgrove, 223 Ill. 500, as authority for the propositions that appellees in this case as purchasers are not entitled to the rents in question, and that they rightfully belong to appellant as owner of the equity redemption. Appellees are not entitled to the rents as purchasers, as we have already suggested, and if the question in this case, as in those above cited, was a question pure and simple as to whether a purchaser, as purchaser, or the owner of the equity of redemption was entitled to the rents, we would hold that the latter is entitled to them. But the question here involved is not between appellees as purchasers and appellant as the owner of the equity of redemption, and, therefore, those cases cited are not in point. Where the rents and profits are not expressly mortgaged to secure the debt, they, during the period of redemption, belong to the owner of the equity of redemption, if he is not personally liable for the mortgage debt and there is no deficiency judgment against him.

As appellees had the equitable right to have their deficiency judgment satisfied out of the rents in ques-

tion, appellant's second contention that the court should have waited until the expiration of the period allowed for redemption before making final disposition of the rents, is also untenable. Appellees had the right to the rents whether the premises should or should not be redeemed from the sale. Redemption would certainly render the certificate of purchase null and void, but could not in this case defeat appellees in their right to have the pledged rents applied to the extinguishment of their deficiency judgment.

The decree of the court is affirmed.

*Decree affirmed.*