### Paul Schaeppi v. George Bartholomae.

#### Gen. No. 11,773.

1. RENTS—*mortgage clause pledging, held valid.* A clause in a trust deed pledging to the mortgagee as further security for the debt the rents, etc., of the property mortgaged during the pendency of foreclosure proceedings and during the period of redemption, is valid and will be enforced by the courts.

Schaeppi v. Bartholomae.

2. RENTS—*when purchaser at foreclosure sale entitled to.* One who holds the certificate of purchase issued pursuant to a foreclosure sale is entitled to rents arising during the pendency of the foreclosure proceedings and the running of the period of redemption, where such rents were pledged by the trust deed foreclosed and the decree of sale provided that the same should, pursuant to such pledge, pass to the purchaser at such sale, and this notwithstanding such purchaser was the complainant in the foreclosure proceeding.

3. CONTRACT—*presumption as to freedom to.* The presumption of law is in favor of the freedom of parties to contract with respect to the particular matter in hand.

Objections to receiver's report. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the March term, 1904. Affirmed. Opinion filed February 20, 1905.

FRED H. ATWOOD, FRANK B. PEASE, WILLIAM S. CORBIN and CHARLES O. LOUCKS, for appellant.

EDWARD C. NICHOLS, for Emil R. Haase, individually and as receiver.

WILLIAM W. CASE, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal from an order of the Superior Court of Cook County upon a receiver appointed in a foreclosure suit in that court, one Emil R. Haase, to pay over to the appellee, George Bartholomae, $726.90. Said sum was the net balance in the receiver's hands of rents and income received from certain premises at 872 West North avenue in Chicago during the pendency of the foreclosure suit, and during the period of redemption after the sale under a decree in said suit.

Haase was appointed receiver on August 5, 1898. The sale under the decree was on May 3, 1902; the premises in question were sold by the master to Henry Bartholomae, Jr., as executor of Philip Bartholomae. Philip Bartholomae was the original complainant in a cross-bill to foreclose the property in question, and on his death Henry Bartholomae, Jr., had been substituted as a party to the cause in his stead.

Before the expiration of the fifteen months allowed by statute for redemption, the certificate of sale issued by the master to Henry Bartholomae, Jr., was assigned to George Bartholomae, the appellee. No redemption was made of said premises, and on August 4, 1903, the receiver, Haase, turned over the possession of said premises at No. 872 West North avenue to George Bartholomae. On August 6, 1903, the receiver filed in the Superior Court a report and account purporting to be final. In it he reported that of the net balance in his hands of the rents and profits of 872 West North avenue, he had paid to Henry Bartholomae, Jr., executor, etc., $574.67 (being the amount of a deficiency judgment held by said Bartholomae against the debtors who executed the encumbrance to Philip Bartholomae), and the remainder, $152.23, to Paul Schaeppi, the appellant here. Schaeppi was a party to the foreclosure suit who held an encumbrance junior to that of Bartholomae on the premises in question. In the decree of sale the master had been ordered to pay Philip Bartholomae first out of the proceeds the amount found due him, and to apply the surplus upon the amount due Schaeppi. The proceeds of sale had been insufficient to pay the amount due Bartholomae in full, and the deficiency judgment before described was entered.

To the report of the receiver objections were filed by Henry Bartholomae, Jr., and George Bartholomae, denying that the receiver had paid Henry Bartholomae, Jr., executor, the sum named by him, or any other sum; that Henry Bartholomae, Jr., executor, had refused such payment, although it had been tendered; that the payment to Schaeppi was without authority or right, and that George Bartholomae, "as the person entitled to a deed under the certificate of sale," and the holder of such a deed, was also entitled to the entire net balance in the hands of the receiver, namely, $726.90. This claim of the objectors was founded on a provision of the trust deed in pursuance of which the decree of sale was entered, and in conformity with the terms of which the receiver was appointed. The trust deed contained this clause:

" The grantors waive all rights to the possession of and income from said premises pending such foreclosure proceedings, and until the period of redemption from any sale thereunder expires, and agree that a receiver shall be appointed to take possession or charge of said premises and collect such income, and the same, less receivership expenses, pay the person entitled to a deed under the certificate of sale or in reduction of the redemption money if said premises be redeemed."

The chancellor in the Superior Court sustained the objections to the report and account and made the order complained of in this appeal. The order recites that " The executor, Henry Bartholomae, Jr., by his solicitor, in open court waives in favor of George Bartholomae his right, if any, to the funds in the hands of said receiver or any part thereof, and consents that if he is entitled to be paid by said receiver any money on account of said deficiency decree, such money may be paid to said George Bartholomae;" but the court finds " That said consent and waiver by said executor are immaterial and do not affect the rights of the parties;" "that irrespective of any such waiver or consent by said executor, the said George Bartholomae is entitled to the entire sum of $726.90 held by said receiver on account of No. 872 West North avenue at the time he relinquished possession of said premises."

There is a further finding in the order giving the reason for this decision by the chancellor. After reciting the existence of the clause above quoted, in the deed of trust, the order proceeds: " The court finds that as such terms and provisions appeared of record in this cause at the time of said sale, the purchaser thereat is entitled to the full benefit and advantage of the same as a part of the conditions of his bid, and that neither he nor his assignee can be deprived of such benefit and advantage after the acceptance and approval of said bid."

This appeal was taken by Schaeppi, but the receiver, Haase, also assigns error on the record.

We have considered the merits of the matter without reference to any technical questions of the standing of the parties in such an appeal.

It is manifest that the only question in the cause is the validity of the provision of the trust deed before quoted.

It matters nothing what tender the receiver without authority from the court, made to the holder of the deficiency judgment, nor what he paid to the appellant as a junior encumbrancer, if under the terms of the trust deed the appellee was legally entitled to the entire sum in the receiver's hands. If the appellee was thus entitled to it, neither the judgment creditor nor the junior encumbrancer was entitled to any part of it, and payment of any part of it to either of them furnished no reason why the chancellor should not make, nor why the receiver should not obey, the order appealed from.

The appellee was certainly the person entitled on August 3, 1903, and thereafter, to the deed under the certificate of sale. The income of the property collected by the receiver, less receivership expenses, was by the terms of the trust deed to be paid to such person, if any person became so entitled by failure to redeem after a foreclosure sale.

The court entering the decree of sale recited in a finding of that decree this provision of the trust deed. The purchaser bought under that decree, and his rights and that of his assignee were fixed by it and by the mortgage trust deed which was the basis of it. If the provision was not illegal and therefore invalid, he in effect bought at the foreclosure sale, for himself or his assignees, the right to this balance in the hands of the receiver, if there should be no redemption, as much as he bought the right to have a deed issue to him or his assignee in the same case. To take that fund away from him or his assignee, would be an infringement of a vested right, a right not depending on judicial discretion, or that could be interfered with even by legislative enactment.

That the purchaser was the party complainant does not alter the case. The appellee here was before the court as the assignee of the purchaser—not as sustaining any other relation to the cause—and for the purpose of this order, Henry Bartholomae, Jr., executor, if he had never assigned

the certificate of sale, would have been before the court as a purchaser solely, and not as the party complainant in the cross-bill.

No reason has been given us why we should hold the quoted clause of the trust deed invalid. It was a contract in effect pledging to the mortgagee as further security for the indebtedness, the rents, issues and income of the property mortgaged during the pendency of the foreclosure proceedings and the duration of the redemption period. A sale decreed by the court on a foreclosure for such indebtedness would presumably be for more if it carried with it even this contingent and conditional claim upon the rents and income for a considerable period. Unless the contract is one forbidden by the statute law, or contrary to public morals or public policy, we are bound to give it effect.

The question presented to us is not whether equity will enforce an inequitable or unconscionable contract; it is whether the chancellor erred in refusing to take away from the purchaser at a judicial sale a right which had apparently vested in him. If the clause of the trust deed under which the purchaser claimed this apparent right was void or illegal, the chancellor had the power and the duty to declare that the purchaser could take nothing under it. If it were not, he had neither such duty nor such power.

The presumption is in favor of freedom of contract in such a transaction as formed the basis of this suit as in all others. This court, moreover, has expressly decided that the rents and profits of land may, equally with the land itself, be encumbered by a mortgage—that such a contract does not interfere with the equity of redemption, and that the courts will enforce it as made, giving the rents and profits, as well as the real estate, to the mortgagee as a pledged fund for the security of the debt. Ortengren v. Rice, 104 Ill. App. 428.

It cannot even be said that this provision of the trust deed mortgage interferes in any manner with the power of the debtor to redeem, which power has been an object

of the especial solicitude of the legislature.  The clause in question expressly provides that in case of redemption the redemption money shall be reduced by the application of the money in the receiver's hands.  Only in case there should be no redemption is it to go to the purchaser.

If the legislature should be of opinion that contracts like the one in question were contrary to public policy, or tended to the oppression of mortgagors, it could undoubtedly make them, for the future, invalid, as years ago it made invalid in Illinois powers of sale in instruments of real estate mortgage.  We see no reason for considering them in this light, however, and certainly no reason for holding them illegal or void.

The decretal order appealed from is affirmed.

*Affirmed.*