### Oakford et al. v. Robinson.

1. *Foreclosure in Chancery—Parties.*—A person holding an unrecorded deed of mortgaged premises and not being in possession, can not complain because he is not made a party defendant in foreclosure proceedings.

Oakford v. Robinson.

2. *Appointment of a Receiver.*—The fact that the rents and profits of mortgaged premises, as well as the land itself, is pledged for the payment of the mortgage debt, will authorize the appointment of a receiver in the discretion of the court, without regard to the solvency of the mortgagee.

3. *Deficiency—Lien for Rents and Profits During the Statutory Period Allowed for Redemption.*—When the rents and profits of the land, as well as the land itself, is pledged by a mortgage for the amount due the mortgagee by the appointment of a receiver, he has an equitable lien upon such rents and profits during the statutory period allowed for redemption for the full payment of any deficiency that may arise upon a sale of the premises to pay the debt.

Memorandum.—Mortgage foreclosure in chancery. Appeal from an order discharging a receiver and apportioning rents and profits rendered by the Circuit Court of Morgan County; the Hon. CYRUS EPLER, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and reversed. Opinion filed October 17, 1892.

## STATEMENT OF THE CASE BY THE COURT.

On the 4th day of June, 1891, the appellants were awarded a decree of foreclosure upon a mortgage executed to them by Joshua H. Green and wife.

The mortgage contained a clause authorizing the appointment of a receiver, with power to take possession of the premises and collect the rents due or to become due thereon during the period allowed for redemption and apply the same in payment of any deficit should the premises prove insufficient to pay the amount secured by the mortgage.

The decree passed without an order appointing a receiver, but on the 24th day of June, 1891, upon a petition framed for that purpose, and upon due notice to the defendants to the decree, a further decree was duly entered, finding that the premises mortgaged were of value insufficient to pay the decree debt and cost, and ordering that one George W. Clark be appointed a receiver, with power and authority to collect and receive the rents, issues and profits of the lands then due, or to become due, and report the same to the court.

The master in chancery sold the land under the decree on the 2d day of July, 1891, but for an amount insufficient

to pay the decree debt and costs, the deficiency being $199.90. The receiver proceeded at once to the discharge of his duties by collecting rents that were due and by leasing the land to tenants for future use.

On the 5th day of December, 1891, the appellee, Robinson, presented a petition to the court in the foreclosure proceeding, in which he represented to the court that he became the owner of the mortgage lands in October, 1890, by a deed from the mortgagors; that he did not record the deed until November 6, 1891, on which last-named day he redeemed the land from the sale by the master by paying to that officer the amount of such sale and eight per cent interest thereon from the date thereof, and praying that the receiver be discharged and possession of the lands delivered up to him.

The receiver, under an order of the court, reported rents collected to the net amount of $89.01, which, upon a hearing upon the petition aforesaid, was ordered to be paid, one-half to the appellants and the other half to the appellee. The court also discharged the receiver from further duty or power in the premises.

From this order discharging the receiver and apportioning the rents between the parties, the appellants (the mortgagees) appeal.

### APPELLANTS' BRIEF.

When, upon the maturing of the indebtedness, the security being inadequate, the mortgagee files his bill for a foreclosure, and procures the appointment of a receiver, he thereby obtains an equitable lien upon the unpaid rents, and will be entitled thereto to the extent of any deficiency in the security. High on Receivers, Sec. 644; Howell v. Ripley, 10 Paige, 43; Lofsky v. Monger, 3 Sandf. Ch. 69; Post v. Dorr, 4 Edw. Ch. 412.

" By the appointment of a receiver, the mortgagee obtains an equitable claim, not only upon the rents and profits actually due at the time, but also upon the rents to accrue; and his right to them is superior to that of the mortgagor's

assignee in bankruptcy, or to that of any one claiming under the mortgagor, as, for instance, his grantee, who has bought subject to the mortgage." 2 Jones on Mortgages, Sec. 1536; High on Receivers, Sec. 643.

DOOCY & BUSH, HARRY HIGBEE and E. L. McDONALD, attorneys for appellants.

APPELLEE'S BRIEF.

The order made by appellants appointing a receiver did not require the receiver to pay the money arising from rents, etc., to appellants, but directed him to report his doings to the court. Seligman v. Laubheimer, 58 Ill. 124; Lloyd v. Karnes, 45 Ill. 62.

MORRISON & WHITLOCK, solicitors for appellee.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

The appellee, Robinson, held subject to the mortgage, and as his deed was not of record and he had not possession of the land, he can not complain that he was not made a party defendant to the foreclosure proceeding.

The rents and profits of the land, as well as the land, was pledged by the mortgage for the security and payment of the amount due the appellee. This authorized the appointment of a receiver, in the discretion of the court, without regard to the solvency of the mortgagor. 8 Amer. & Eng. Ency., page 234; 2 Jones on Mortgages, Sec. 1516. And such appointment was lawfully made, though by a decree subsequent to the original decree. 8 Amer. & Eng. Ency. of Law, page 239.

By the appointment of the receiver the appellants obtained an equitable lien on the rents and profits of the land during the statutory period allowed for redemption, if necessary, for the full payment of any deficiency in the security. In support of this view, see 1 Jones on Mortgages, Secs. 773, 774 and 775; 2 Jones on Mortgages, Sec. 1536;

High on Receivers, Secs. 643 and 644; Beach on Receivers, Sec. 532.

Appellee's title to the property was subject to the mortgage held by the appellants, and his right to the rents and profits of the land was, under the mortgage and the decree of the court, secondary to that of the appellants.

The payment by the appellee to the master in chancery of the amount requisite under the statute to effect a redemption from the sale did not operate to destroy this lien of the appellants, but such lien remained unaffected by the redemption, and could only be discharged by payment of the deficiency or by the application by the receiver of the rents and profits toward the payment of such unpaid balance. Therefore, the receiver should not have been discharged, nor should any portion of the money received from the rents of the lands have been ordered paid to the appellee.

The decree in each of these respects is reversed and the cause is remanded, with directions to the court to order the rents in receiver's hands paid to the appellants, and to cause all other sums received by the receiver during the period allowed for redemption paid to the appellants so far as necessary to satisfy and pay the deficiency aforesaid, with legal interest thereon from the date of the sale, the remainder, if any, to be paid to the appellee, Robinson.

The costs in this court will be taxed by the clerk to the appellee, Robinson. Reversed and remanded, with directions.