**Dick Townsend, Plaintiff in Error, v. James N. Wilson et al., Defendants in Error.**

1. Mortgages—*what appropriate subject of.* Rents and profits are proper subjects of mortgage.

2. Mortgages—*when include rents.* A clause in a mortgage authorizing the appointment of a receiver to collect rents and profits upon foreclosure, is, in effect, a mortgage of the rents and profits accruing until the redemption period has expired.

3. Mortgages—*when owner of fee not entitled to rents.* A grantee of land who takes subject to an existing mortgage is not entitled to the rents of such premises as against the mortgagee after default upon such mortgage.

4. Mortgages—*duty of mortgagee with respect to application of rents upon deficiency.* A mortgagee owes to the mortgagor a duty to see that rents mortgaged are applied toward the extinguishment of a deficiency established after sale upon foreclosure.

5. FORECLOSURE—*propriety of judgment for deficiency.* In a proceeding to foreclose the complainant should be awarded a judgment for a deficiency established after sale against those who are personally liable for the debt made the basis of the foreclosure.

6. FORECLOSURE—*ownership of rents after extinguishment of deficiency.* After a deficiency established after sale upon foreclosure has been extinguished the rents accruing from the mortgaged premises until the period of redemption expires, belong to the owners of the fee.

7. CONVEYANCES—*implied agreement upon acceptance of deed subject to mortgage.* By accepting a conveyance with a proviso that it was subject to a mortgage an implied agreement arises that the land and the rents and profits mortgaged shall stand good for the debt secured as against any right received by virtue of the deed.

8. RECEIVERSHIPS—*when not discretionary.* The appointment of a receiver to collect rents is not discretionary with the court where such appointment is provided for in a mortgage and is essential to the protection of the rights of the mortgagee.

Foreclosure. Error to the Circuit Court of Wayne county; the Hon. JACOB R. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded with directions. Opinion filed April 9, 1910.

**Statement by the Court.** On October 12, 1905, plaintiff in error, Dick Townsend, purchased of the defendant in error, James N. Wilson, the premises described in the bill of foreclosure hereinafter referred to; and as a part of the purchase price, executed to said vendor his promissory note for $7,000, and to secure the same, executed a second mortgage to said Wilson upon said premises. April 16, 1906, said Townsend conveyed by warranty deed to the defendants in error, J. E. Montrose and Charles McHugh, said premises, subject to said $7,000 mortgage and subject also to a $10,000 first mortgage held by said Wilson for purchase money. At the October term, 1906, of the Circuit Court of Wayne county, a bill was filed by said Wilson against this plaintiff in error and all of said defendants in error, except said Wilson, to foreclose said second mortgage. The mortgage contained this clause: "And it shall be lawful for the said mortgagee—his attorneys

or assigns to enter in and upon the premises hereby granted—and to receive and collect all rents, issues and profits thereof.'' This mortgage contained a clause, also, providing for the appointment of a receiver with power to collect the rents, issues and profits after the filing of a bill for foreclosure, and until the expiration of the time for redemption, and that such rents, etc., when collected might be applied toward the payment of the indebtedness, costs, attorneys' fees, taxes, assessments and other liens. August 21, 1906, upon application of the mortgagee, a receiver was appointed by the court to collect the rents, issues and profits aforesaid. January 22, 1907, a decree in foreclosure by default was entered in favor of said Wilson against said Townsend, Montrose, McHugh and their wives, finding all the material facts above stated and the facts stated in said bill to be true, and ordering the sale of said property to pay debt, cost, etc. April 22, 1907, said premises were sold by the master in chancery to James N. Wilson, mortgagee, for $7,210.35, leaving a deficit in said debt, costs, etc., for which a personal judgment was entered against Townsend and in favor of said Wilson for $624.35. Said decree also found that said real estate was meager security for said debt, and decreed that in case of sale and a deficit, said receiver shall continue in possession and collect all rents, etc., until the expiration of the time for redemption. It also finds that the warranty deed from Townsend to Montrose and McHugh was made subject to said mortgage and that Montrose and McHugh accepted said deed with said condition. June 17, 1907, the receiver having reported a balance of rents in his hands of $490.35, the court ordered said sum paid to said Wilson and credited on said deficit. April 22, 1908, the last day of redemption, Montrose and McHugh, as owners, redeemed said lands from said sale; and at the June term, 1908, of said court, petitioned the court for a rule on the receiver, to compel him to pay

them all rents, issues and profits realized from said premises by him up to the period of redemption; and, also, to compel said Wilson to pay to them the $490.35 previously paid him out of said rents, claiming that they were legally entitled to said money. At the same term the receiver filed his petition showing that he had as such rents $902.79 after payment of taxes, expenses, etc.; and asked that the court allow him to pay said deficiency judgment out of said funds to Wilson. The court on a hearing, ordered that the receiver be allowed $100 for his compensation, and that the remainder of said proceeds of rents, etc., $802.79, be paid to Montrose and McHugh, which was done, and said cause was ordered stricken from the docket. Nothing was paid on said judgment against Townsend for said deficit, the receiver and Wilson paying all of said rents, etc., to Montrose and McHugh. January 25, 1909, an execution was issued on said deficiency judgment, directed to the Sheriff of Peoria county, and was levied on certain personal property of the plaintiff in error, Townsend. Hence this writ of error has been sued out by plaintiff in error to review the final order of said circuit court in ordering the proceeds of said rents, etc., to be all paid to Montrose and McHugh, instead of having said deficit paid thereout to said Wilson, etc.

It is insisted here by plaintiff in error that it was error in the court to deny the petition of the receiver; and that in ordering the receiver to pay said rent moneys to Montrose and McHugh, and in ordering Wilson, the mortgagee, to pay the money previously paid him by the receiver to Montrose and McHugh, the court also erred. It is also insisted that the court erred in entering a deficiency judgment against plaintiff in error, and in ordering execution thereon, before the mortgage security had been exhausted.

JOSEPH A. WEIL, for plaintiff in error.

M. M. STURGEON, for defendants in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

There can be no question that rents and profits are the subject of mortgage. "The doctrine is understood to be that everything which may be considered as property, whether in the technical language of the law denominated real or personal property, may be the subject of mortgage, as advowsons, rectories, tithes. * * * Rents, also, and franchises may be made the subject of mortgage." Supreme Court in Curtis v. Root, 20 Ill. p. 522, citing 1 Powell on Mort., 17, 18.

"Rents and profits are the subject of mortgage. Jones in his work on mortgages (Vol. 1, Sec. 140) says: "A mortgage may be made of rents under a lease, and although a right of entry be given to the mortgagee, the mortgage is a mere security, like any other mortgage of real estate, and the mortgagor remains the real owner until foreclosure and sale." First Nat'l Bank v. Ill. Steel Co., 174 Ill. p. 148.

There certainly can be no successful claim made that the rents and profits of the lands in question were not mortgaged by Townsend to Wilson. Wilson was given the power and authority by the express terms of the mortgage to enter upon the premises to collect all rents and profits thereof; and, also, to have a receiver appointed pending foreclosure proceedings and until redemption to collect the rents and profits thereof and apply them to the extinguishment of taxes, assessments, attorney fees, debt, costs and expenses, etc. Our courts have held that a clause in a mortgage authorizing the appointment of a receiver to collect rents and profits upon foreclosure, such as in this case, is in effect a mortgage of the rents and profits accruing until redemption period has expired. First Nat'l Bank v. Ill. Steel Co., 72 Ill. App. 640 and 174 Ill. 140; McLester v. Rose, 104 Ill. App. 436; Lancaster v. Prussing, 139 Ill. App. 46; Bagley v. Ill. Tr. and Sav. Bank, 199 Ill. 76.

Under such a clause a receiver will be appointed to

collect the rents and profits; and said receiver's duty, in case of a deficiency upon sale, is to collect rents and profits up to the redemption period to pay such deficiency, and the court appointing such receiver should so order. Montrose and McHugh's title to this property was subject to the mortgage in question, and their right to the rents and profits, under the mortgage and under their deed, was secondary to that of Wilson. They had accepted a deed expressly so declaring, that is, that the grantor's warranty and their right under the deed were subject to said mortgage. Oakford v. Robinson, 48 Ill. App. 270.

It was not discretionary with the court either to appoint the receiver, or to order the funds in his hands as proceeds of rents applied on the deficit after sale. It was a matter of right of both Townsend and Wilson to have this done. First Nat. Bank v. Ill. Steel Co., 174 Ill. 148; Niccolls v. Peninsular Stove Co., 48 Ill. App. 320.

It was not only Wilson's right to have the rent funds applied to extinguish this deficit, but it was Townsend's right. It is true that Montrose and McHugh did not expressly agree to pay this mortgage debt so far as this record shows, and that they are not personally liable for the mortgage debt, by reason of their deed being subject to the mortgage. No personal judgment could be entered against them, under the evidence in this record, for the debt of Townsend. But their implied agreement with Townsend, by accepting the deed with that proviso that it was subject to the mortgage, was that the land and the rents and profits mortgaged to Wilson should stand good for that debt and be charged with that debt as against any right they received by virtue of the deed. Their action in this case in claiming these rents simply amounts to a breach of their contract and they have no standing in law or equity in their claim to the rents. It makes no difference whether Wilson is, or is not, complaining in this matter at the action of the court. He, too, owed

a duty to Townsend to see that these rents were applied on this deficit by virtue of his relations with Townsend as mortgagee, after full notice that Townsend had conveyed the land subject to the mortgage. While he might not be forced to litigate this question at his own expense, still, Townsend was entitled to notice, at least, that such an order was about to be, or had been, made by the court so that Townsend could protect himself by appeal or otherwise, before the rents already paid to Wilson were turned over to Montrose and McHugh.

From all the orders made up to the time of this final order, Townsend would naturally suppose a receiver was appointed to collect rents, not for Montrose and McHugh, but to extinguish the deficit, the real purpose of such receivers. While parties in court must usually take notice of all the proceedings in a case; yet in this case, the mortgagee should either have defended this question to the end, or have notified Townsend so he could do so, and while the funds were in court.

We think that Wilson was entitled to a judgment against Townsend for the amount of the deficit. Wilson had a right to sue at law at the same time he begun his foreclosure suit, and obtain a judgment at law even for the whole debt, and we see no reason why he could not take a judgment for the deficit in the chancery court immediately after the deficit is known after sale. It was Townsend's right, however, to have the rent proceeds applied to the extinguishment of the deficit, and the remainder of said proceeds, if any, after such deficit was extinguished belonged to Montrose and McHugh after all taxes, expenses, etc., were paid including the receiver's fee.

For the reasons indicated the order of the chancellor ordering said proceeds of rent, etc., to be paid to Montrose and McHugh, and in refusing to allow said deficit to be paid therewith, is reversed, and the cause is remanded with directions to the chancellor, that an order and decree be entered in said cause that the said re-

ceiver shall pay to said Wilson, mortgagee, the amount of said deficit and the costs of said execution; that said Wilson, mortgagee, shall then enter satisfaction in full of said judgment against said Dick Townsend, including the costs of said execution; and that said Montrose and McHugh shall immediately pay back to said receiver sufficient of said proceeds of rents paid them to entirely satisfy and pay said deficit including the costs of said execution. A judgment in this cause for the costs in this court in prosecuting this writ of error, will be entered in favor of plaintiff in error against the defendants in error, Montrose and McHugh.

*Reversed and remanded with directions.*