## Robert P. Henry, Appellee, v. Walter E. Woolf et al., by William A. Dunn, Assignee, Appellant.

### Gen. No. 19,268.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed May 21, 1914.

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

### Statement of the Case.

Petition by William A. Dunn praying for an order of court turning over to him certain money collected by a receiver in a foreclosure proceeding in which Robert P. Henry was complainant. The petitioner, William A. Dunn, claimed the fund as assignee of Walter E. Woolf, who was the mortgagor and the defendant in the foreclosure suit. A deficiency decree had been entered against said Woolf and the same made a lien on the funds in the hands of the receiver. From an order denying the prayer of the petitioner and directing said funds to be paid to complainant, petitioner appeals.

CHARLES SCRIBNER EATON, for appellant.

M. L. RAFTREE, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

### Abstract of the Decision.

1. MORTGAGES, § 635*—*when deficiency decree may direct a lien on rents and profits.* Where by the terms of a trust deed the rents and profits of the land as well as the land were pledged for the security and payment of the indebtedness, the court in a foreclosure proceeding may, in a deficiency decree, direct that complainant have a lien for the deficiency upon the rents and profits arising from the premises until the expiration of the period of redemption.

2. MORTGAGES, § 650*—*when deficiency decree cannot be attacked on appeal.* On appeal from an order denying a petition by an assignee of the mortgagor to have certain moneys collected by a receiver from the rents and profits of the land up to the time of expiration of the period for redemption from the foreclosure sale paid over to him, *held* that the petitioner could not attack the validity of a deficiency decree on the ground that there was no personal service on the mortgagor, for the reason that the validity of the order appealed from did not depend upon that portion of the deficiency decree of which petitioner complains, and also for the further reason that the appeal was not taken from the deficiency decree.

*See **Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly**, same topic and section number.