(No. 19453.)
RUDOLPH P. PERLMAN *et al. vs.* VINCENT MARZANO *et al.*— (ALBERT F. MECKLENBERGER, Receiver, Plaintiff in Error, *vs.* RUDOLPH P. PERLMAN, Defendant in Error.

*Opinion filed February 21, 1930.*

Isaac B. Lipson, (Randolph Thornton, of counsel,) for plaintiff in error.

Rosenberg, Braude & Zimmerman, (H. J. Rosenberg, Irving S. Berman, and Benjamin Nelson, of counsel,) for defendant in error.

Mr. Justice Stone delivered the opinion of the court:

This cause is here on writ of *certiorari* to review the judgment of the Appellate Court for the First District affirming an order of the superior court of Cook county disapproving the final report of plaintiff in error as receiver in a foreclosure proceeding concerning certain real estate therein involved and requiring him to re-cast his account so as to show in his hands certain items as a balance. The order also required him to pay to defendant in error, Perlman, out of rents collected, $1000 in satisfaction of the deficiency found due on report of sale of the real estate, with interest thereon.

One Vincent Marzano, the then holder of the record title to the real estate involved in this proceeding, subject to a first mortgage of $75,000 made by him, issued his

note for $27,500 secured by a trust deed as second lien on the said real estate. Default having occurred in the payment of interest, defendant in error, Rudolph P. Perlman, holder of the note, and the Chicago Title and Trust Company, trustee under said trust deed, filed a bill to foreclose the same. The bill sets out that Perlman is the legal holder and the owner of the note and that Phillip E. Golde and Phillip J. Goldberg are the owners of the equity of redemption, having taken the same by *mesne* conveyances from Marzano. The bill alleged default in interest payments and alleged the existence of the first mortgage of $75,000, running to Greenebaum Sons Bank and Trust Company as trustee. The bill prayed for appointment of a receiver to take charge of the premises and to collect the rents, issues and profits.

The trust deed, copy of which was attached to the bill, pledged the property, "together with all rents, issues and profits of said premises." It was further provided in the trust deed that the grantor "waives all right to the possession of and income from said premises pending such foreclosure proceedings, and agrees that upon the filing of any bill to foreclose this trust deed the court in which such bill is filed may at once and without notice * * * appoint a receiver to take possession or charge of said premises, with power to collect the rents, issues and profits of said premises." On the day on which the bill was filed, plaintiff in error, Mecklenberger, was appointed receiver and took possession. The order of appointment authorized him to make leases, collect all rents, and to hold the same subject to the order of the court.

A decree of foreclosure and for sale was entered on September 27, 1924, finding there was due defendant in error, Perlman, the sum of $30,365.36, with interest; that Marzano was personally liable for payment thereof, and that he had conveyed the premises by the said trust deed, together with the rents, issues and profits of the premises.

The decree ordered the sale of the premises if payment of the sum be not made within three days, and further ordered that "in case, after the coming in and confirmation of said master's report of sale, any deficiency is shown in the amount due complainant, R. P. Perlman, his rights and remedies against the rents and income of said property for the collection of said deficiency shall in no way be affected by this decree, and he shall be entitled to a receiver for said rents and profits during the period of redemption herein for the purpose of collecting any such deficiency."

The property was sold for $29,721.95, and report was made of that sale showing a deficiency of $1000. The sale was approved on November 8, 1924, and on that day, on motion of Perlman, the court entered an order re-appointing Mecklenberger receiver during the period of redemption, with the usual powers of receivers in equity, to take possession of the property, with the improvements thereon, collect the rents, issues and profits during the period of redemption, make the necessary leases, institute proceedings, where necessary, to collect the rents, and to retain the moneys which may come into his hands by reason of his appointment, until the further order of the court. The tenants of the premises were restrained from paying rent to any person other than the receiver.

The certificate of sale was issued to Perlman, who endorsed it in blank and transferred it to Marzano. Marzano later transferred the certificate to Golde and Goldberg, holders of the equity of redemption. Perlman also assigned Marzano's note and trust deed to one Max M. Grossman, who testified that at the time the mortgages were executed the property was in the name of Marzano, but he and one Seymour Marks, together with Marzano, owned the property, although Marzano held the title and signed the mortgages personally. Three months before the period of redemption had expired Golde and Goldberg redeemed from the foreclosure sale.

On September 26, 1925, plaintiff in error filed his final report and account and asked for its approval. Objections to certain items of credit for disbursements were filed by Perlman and Marzano. These disbursements consisted of payment of interest charges to Greenebaum Sons Bank and Trust Company, holders of the first mortgage. These payments, together with the sum of $99.40 paid to the bank on account of income tax, amounted in all to $1525.65. The final report and account of the receiver, together with objections thereto, was referred to a master in chancery, who heard evidence and reported, recommending that the credits in the sum of $1525.65 be not allowed but that the receiver be required to re-cast his account showing those items on hand. The master also recommended that the receiver be ordered to pay to Perlman, out of moneys in his hands, the sum of $1000, deficiency on the foreclosure sale. Exceptions to this report were overruled and the court entered a decree approving the master's report, and further directing the receiver to pay the master's fees and stenographic charges occasioned by the hearing on reference.

Plaintiff in error argues that the rents collected by the receiver during the period of redemption belong in this case to the owners of the equity of redemption, Golde and Goldberg; also that Perlman, who objected to the report of the receiver, had no interest in the property entitling him to object, having transferred his interest to Grossman and Marzano. It is also argued that the only question before the court here is the matter of the receiver's final account and objections thereto, and it was therefore error to direct the receiver to make disbursements of $1000 to Perlman. The decree approving the master's sale on foreclosure found that a deficiency existed, but no deficiency decree was entered against Marzano, the maker of the note. A receiver was, however, appointed to collect the deficiency out of the rents and profits during the period of redemption. The decree for foreclosure and sale, as we have seen,

ordered that if a deficiency was found to exist after sale, Perlman, the holder of the note, would be entitled to a receiver to collect the rents and profits of the property during the period of redemption for the purpose of collecting any such deficiency. No appeal was taken from this decree nor from the order appointing a receiver during the period of redemption. That decree and order are not, therefore, subject to review here.

The primary question involved in this case is whether the court erred in disapproving the plaintiff in error's report as receiver and in ordering him to pay Perlman the deficiency of $1000. This involves the right of plaintiff in error, as receiver, to pay interest and income tax charges on the first mortgage. He was directed to collect and hold the rents subject to the order of the court. In the absence of an order of court for distribution, a receiver in possession of the premises during the period of redemption is not authorized to pay interest on prior incumbrances on the property. (*Stevens* v. *Hadfield*, 196 Ill. 253.) No such order was entered, and it therefore cannot be doubted that such payment was without legal authority.

Concerning Perlman's right to object to the account, the record shows that he had assigned the note and mortgage to Grossman and permitted the use of his name in the objections filed to the receiver's report. This he had a right to do, and the fact that he may have assigned the note and received from Grossman the amount still due on it does not prevent his objecting to the receiver's report. The deficiency arising on the sale of the real estate showed a balance of $1000 due on the note held by him. He was therefore entitled, either on his own account, or on account of his assignee in case of assignment, to object to the approval of the report and account showing a different disposition of the rents collected for the payment of the deficiency. Nor is his right affected by the fact that no deficiency judgment was entered against the maker of the

note, since the decree of the court finds that the rents are pledged during the period of redemption. It is immaterial whether there is or is not a deficiency judgment. The receiver was not collecting a judgment but collecting the rents pledged to satisfy the deficiency due after the sale.

Plaintiff in error also argues that it was by agreement of the parties that he, as receiver, paid the interest on the first mortgage; that it was paid for the benefit of all concerned, including Marzano, who was personally liable on the first mortgage though not then the holder of the equity of redemption, and that this being so, it would be inequitable and unjust to now require him to pay the $1000 deficiency to Perlman or his assignee. He sought on the hearing before the master to establish such an agreement, but the master and the chancellor found that the same was not proved. One Joseph A. Golde, a witness for the receiver, testified to such an agreement, also that Golde and Goldberg had purchased from Marzano and Grossman the equity of redemption and certificate of sale, and that the latter at that time stated that they had no other interest in the property. He also testified that Perlman was a party to this agreement, and that the interest was paid on the first mortgage for the benefit of all parties concerned. Perlman and Grossman deny any such agreement and deny transfer of the note and mortgage, and it is apparent that Golde and Goldberg, in taking over what they supposed was the entire interest of Grossman and Marzano, omitted to take transfer of the trust deed and note. We are of the opinion that the chancellor was correct in his conclusion that the existence of such an agreement was not shown by the evidence. There is therefore no basis of equitable estoppel proved on the hearing.

To the further objection that the decree was erroneous in ordering $1000 paid to Perlman, it is sufficient to say that the funds collected by the receiver were to be held subject to the order of the court and the court had juris-

diction to direct its disbursement. It appears that when Golde and Goldberg redeemed from the mortgage sale there were still three months of the period of redemption yet unexpired. The rentals for these months were apparently paid to the holders of the equity of redemption, Golde and Goldberg, to whom the receiver, on redemption from the foreclosure sale, gave possession of the property without an order of court.

It is also argued here that the second mortgage trust deed, on which the foreclosure proceedings were based, did not specifically pledge the rents, issues and profits during the period of redemption, and that unless the premises are scant security and the person primarily liable for the deficiency is insolvent,—and it is admitted here that he is not,—the holder of the equity of redemption is entitled to the rents and profits during the period of redemption. As we have seen, no appeal was prayed from the decree finding the mortgagee in this case entitled to a lien on the rents and profits for a deficiency during the period of redemption, and that question is not before us.

Plaintiff in error, as receiver, paid out of the proceeds of rents and profits coming into his hands items which he as such receiver was not authorized to pay. His receivership was primarily for the purpose of collecting funds to pay the deficiency on the trust deed note. Therefore the superior court did not err in requiring him to re-cast his account and to pay to the holder of the note the amounts of the deficiency which he had collected, and the Appellate Court did not err in affirming that order.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*