Lawn View Building Corporation, Appellee, v. Jacob Weinstock et al., Defendants. Appeal of Jacob Weinstock, Appellant.

Gen. No. 38,794.

Opinion filed January 27, 1937. Rehearing denied February 16, 1937.

M. J. MYER, of Chicago, for appellant.

ROSENBERG, TOOMIN & STEIN, of Chicago, for appellee; BENJAMIN ROSENBERG and MILTON GORDON, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

This is an appeal by Jacob Weinstock, one of the defendants, from a decree entered upon findings by the court which held invalid, as a cloud upon plaintiff's title to real estate, the lien of a judgment, which had

been entered in the municipal court of Chicago, in favor of the defendant herein, and thereby removing as a cloud the lien of this judgment and the bailiff's certificate of sale issued after the real estate had been sold to satisfy the judgment. The cause was heard upon the bill of complaint to remove the cloud upon plaintiff's title, the answer of the defendant, also of the bailiff of the municipal court, and the evidence offered.

From the decree it appears that in 1925, Sam Cohen, Harry Pollack and Isadore Holzman owned certain real estate in the city of Chicago and executed a bond issue of $65,000, secured by a trust deed on the real estate therein described. The defendant Weinstock became the holder of two $500 bonds, numbered 100 and 101.

Certain defaults having occurred in 1931, in the payment of principal and interest on the bonds, the trustee, under the terms of the trust deed securing the bond issue filed a bill to foreclose in the superior court of Cook county, making all the bondholders of unpaid bonds numbered 31 to 198, parties defendant as "unknown owners."

On October 5, 1932, Cohen, Pollack and Holzman were the owners of record of the real estate. The defendant instituted suit in the municipal court of Chicago, and obtained a judgment against them for $1,072.50 upon two $500 bonds issued by them and owned by Jacob Weinstock, the defendant here on appeal. On the same day judgment was entered and an execution issued and delivered to the bailiff of the municipal court of Chicago. On October 8, 1932, a decree was entered in the foreclosure proceeding, finding that bonds Nos. 31 to 198 were unpaid, and directing a sale for the amount found due by the court. On February 10, 1932, Cohen, Pollack and Holzman, with their respective wives, executed and delivered a quitclaim

deed of the real estate involved in this foreclosure proceeding to the Liberty Bank of Chicago, as trustee, under its trust No. 1003, but this quitclaim deed was not recorded until January 16, 1933, 11 months after the same had been executed and delivered to the Liberty Bank of Chicago, as trustee.

The foreclosure sale was held in February, 1933, Milton A. Gordon, being the purchaser at the sale, and within a few days thereafter the Liberty Bank of Chicago, as trustee under its trust agreement, being the then owner of the title to the real estate, redeemed the real estate from the foreclosure sale, and thereafter conveyed it to the plaintiff herein.

The defendant caused a *pluries* execution to be issued on his judgment against Cohen, Pollack and Holzman, which had been entered on October 5, 1932, while they were the owners of record of the real estate, delivered the execution to the bailiff of the municipal court of Chicago, who levied upon and sold the real estate involved in the foreclosure proceeding to satisfy the judgment, and the bailiff issued his certificate of sale to the purchaser, and thereafter the plaintiff filed its bill of complaint to remove the judgment, and the bailiff's certificate of sale as a cloud upon its title.

It is the theory of defendant Weinstock that when the defendant obtained a judgment on his bonds against Sam Cohen, et al., the makers of the bonds, they were the owners of record of the real estate, and his judgment immediately became a lien on the real estate, and the Liberty Bank of Chicago took title subject to the lien of defendant's judgment.

The plaintiff has admitted that if the defendant's judgment were based upon any cause of action other than upon a bond secured by the trust deed, which was in the process of foreclosure, defendant's judgment and the bailiff's certificate of sale would have been a valid lien and plaintiff could not have maintained this

action, for the reason that redemption by the owner of the equity would have satisfied the trust deed and foreclosure decree.

The plaintiff contends, however, that there can be only one sale of real estate to satisfy a specific lien thereon, and argues that the foreclosure sale was for the purpose of satisfying and did satisfy the lien of defendant's judgment entered in his separate suit.

It will be seen upon an examination of plaintiff's brief that the contention is made that the sale of the premises under the foreclosure decree removed the lien of the trust deed; that the lien no longer existed, as the trustee for and in behalf of all the bondholders had secured for them all benefit possible under the lien of the trust deed when a sale was had, as provided for in the foreclosure decree. The plaintiff admits that the debt was not extinguished. A portion of it remained unsatisfied by reason of the failure of the property to sell for the full amount of the indebtedness, and further admits that the defendant had the right to sue on the bond and secure payment, or the trustee for him, had the right to obtain a deficiency judgment; that this judgment is not based upon the lien of the mortgage but upon the personal liability of the mortgagor to pay the full amount of the indebtedness secured by the mortgage. The plaintiff contends however that the property in question is exonerated from the defendant's lien because the property cannot be subject to two sales to satisfy the same debt.

The pertinent question involved in this litigation is whether there may be a number of sales of the same property to satisfy one debt.

The defendant undoubtedly had the right to the judgment entered in the municipal court of Chicago in his action upon the two bonds, which were also secured by the trust deed, the subject of the foreclosure proceeding, and upon the entry of the judgment it became

a lien upon the property decreed in the foreclosure proceeding to be sold. The existence of this lien is not questioned by the plaintiff.

When the property was conveyed by deed and recorded on January 16, 1933, to the Liberty Bank of Chicago, trustee, the real estate was subject to the lien of this judgment at the time the trustee redeemed from the foreclosure sale. The plaintiff in this action in the acceptance of the deed from the trustee, accepted delivery subject to such liens as were not adjudicated in the foreclosure proceeding. The lien of the trust deed securing the payment of the bonds, was satisfied when the foreclosure decree was entered and the sale had. The title of the purchaser was not subject to the lien of the trust deed. Where, as in this case, there is a redemption by the owner of the equity from the purchaser at the foreclosure sale, the premises become subject to the lien of the defendant's judgment.

In the case of *Hack v. Snow,* 338 Ill. 28, the court passed upon a somewhat similar question, where redemption from a foreclosure sale was had by the owner of the equity of redemption. The court said:

"Such redemption from the foreclosure sale defeated the title of the purchaser under it and left the premises subject to the lien of Liesik's judgment in the same way as if the redemption had been made by the mortgagor himself. (*Burgett v. Paxton,* 99 Ill. 288.) Being redeemed from a sale the property was no longer encumbered by it and it ceased to be an element in the title of the property. *Smith v. Mace,* 137 Ill. 68."

As we have indicated above, upon default in payment of a mortgage by the mortgagor, the mortgagee has three separate remedies, all of which he may pursue concurrently until he has one satisfaction, one of these remedies being to sue the mortgagor in assumpsit for a judgment upon the personal obligation, and this rule is not questioned by the plaintiff in this action.

We have in this case a judgment which was obtained by the holder of a bond against the maker of the bond in an action instituted by him for that purpose. This remedy is one of the three permitted by law, and it is necessary to refer to only one authority upon this question, namely, the case of *Rohrer v. Deatherage,* 336 Ill. 450, in support of the action taken by the defendant. The bonds being the personal obligation of the makers, the defendant asserted his right, and the judgment became a lien upon the property while the makers of the bonds still had title subject to this judgment lien when the holders of the property in question conveyed title to the Liberty Bank of Chicago, as trustee. The judgment was not satisfied and was still in full force and effect when this property was redeemed by the trustee. The defendant had the undoubted right to have a *pluries* execution issued, and the sale under this execution was proper and was only for the purpose of satisfying the amount of the judgment.

Plaintiff points to the record to show that a sale was had of the real estate in the foreclosure suit, incumbered by the trust deed securing the payment of the bonds, for the purpose of satisfying the indebtedness, and that by the sale of the property the amount of the sale was not sufficient to satisfy the foreclosure decree. This court is of the opinion that notwithstanding that action the defendant had the right to assert his claim as against successors to the title, and in doing so, he had the right to pursue his remedy to the extent of directing the bailiff of the municipal court to levy upon the property by virtue of the issued execution. It follows that this was necessary in order to satisfy the amount of the judgment.

The plaintiff strenuously urges that by the entry of the decree the rights of the bondholders were merged in the amount found due under the terms of the trust deed, and that the sale of the property was for the benefit of all the bondholders. From the record, it is

not altogether clear that by the sale provided for under the terms of the decree the amount of all the bonds was satisfied in full. While the law is settled that there can be but one satisfaction of a claim, still we must agree that by the assertion of the remedies provided by law, the defendant Weinstock was justified in pressing his claim, and, unless the judgment was satisfied, he was permitted to assert and direct that execution issue by the clerk of the court for levy upon the property interests of the owners, or the successors to title as they appear in the record. There is nothing in the record to show that there has been a satisfaction of Weinstock's claim. The record is silent except that there is an assertion that an amount was left with the clerk to be applied upon the claim of the defendant, but just what the amount was, does not appear in the record before us. Therefore, we have the right to assume that the defendant's demand was not satisfied.

On the question of the right of the defendant to take the action he did to enforce his rights, the courts have held that the mortgagor is primarily liable for the mortgage indebtedness, and he remains so after the sale, if one is had that is not sufficient to satisfy the amount of the decree, and his interests in the property may be sold again to satisfy the lien of a deficiency decree, where the owner redeems from the sale. This holding is applicable to the situation before us. In this case, where the defendant seeks to collect the amount of the judgment from the maker of the obligation, the then holder of title to the property, the successors to this title, by conveyance of the owner, are subject to this judgment lien.

In the case of *Ogle v. Koerner,* 140 Ill. 170, the Supreme Court said:

"When the redemption is made by a party primarily liable on the mortgage debt, it may be that the same property may be resorted to again for the purpose of

subjecting it to the payment of an unpaid balance due on the mortgage, but that is not because of any right to enforce the mortgage lien against the same property a second time, but because of the rule of law which subjects all the property of a debtor to the payment of his debts until they are satisfied in full.'' Again, in *Lightcap v. Bradley,* 186 Ill. 510, the court on this question said:

''It is true, that if the premises are redeemed by the mortgagor they become like any other property owned by him and may be subject to execution and sale for a deficiency; but that is because they belong to the debtor, and not on account of any lien by virtue of the mortgage.''

When the owners of the title and makers of the bonds conveyed title to the trustee, and the trustee thereafter conveyed title to the plaintiff, the property was subject to the lien of the judgment of the defendant, and in holding that the judgment was a cloud on the title, the court erred, for the reasons stated in this opinion.

The plaintiff makes the further point that in order to raise the question in this court, the evidence should have been preserved in full, thus permitting the court to review the facts. As a general rule this is true, but from the face of the record before us the question is not one of fact but of law, and we believe there is sufficient in the record to justify our passing upon the questions raised by the parties.

The decree of the superior court is reversed and the cause remanded to the trial court to enter such further orders as may be consistent with the views expressed in this opinion.

*Decree reversed and cause remanded.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.