EQUITABLE LIFE ASSUR. SOC. OF UNITED STATES v. McCARTNEY et al.

No. 834-D.

District Court, E. D. Illinois.

Aug. 17, 1937.

38

Green & Palmer, of Urbana, Ill., for complainant.

E. J. Hawbaker, of Monticello, Ill., for defendants.

LINDLEY, District Judge.

The original suit for foreclosure of mortgage resulted in decree of foreclosure, sale, and a deficiency judgment against the mortgagor. The present controversy arises upon the petition of the grantee of the mortgagor to have the rents and profits collected by the receiver delivered to her. The receiver replies that said rents and profits are a part of the property mortgaged securing the debt of the mortgagee and are properly applicable upon the deficiency judgment. The facts are undisputed.

In 1925 one McCartney and wife, owners of 160 acres of land, mortgaged the same to the assignor of the present holder of the mortgage, the plaintiff, the Equitable Life Assurance Society, to secure a loan of $16,000. The mortgagor, on March 15, 1934, conveyed the premises to petitioner Emma R. Hall, the deed being recorded the same date. The grantee did not assume or agree to pay the debt.

Plaintiff filed its bill to foreclose its mortgage subsequent to said conveyance to Hall and obtained a decree of foreclosure and sale on August 22, 1936, against all defendants including petitioner Hall for $18,540. The property was sold on October 9, 1936, to plaintiff for $16,512.72, and the court entered a deficiency judgment against the original mortgagor for $2,400 and awarded execution therefor.

On June 8, 1937, petitioner Hall redeemed from the sale, paying the full amount of the purchase price together with interest and costs as required by the governing statute. On June 9, 1937, petitioner Hall conveyed the premises to petitioner Dilatush, the conveyance including the rents and the growing crops. The grantee did not assume or agree to pay plaintiff's debt.

Upon the filing of the bill June, 1936, a receiver was appointed and he has collected rent of $1,573.25 and will collect before January 9, 1938, the expiration of the period of redemption, additional amounts. Petitioner Hall now contends that she is entitled to the proceeds in the hands of the receiver received prior to the execution of her deed to Dilatush and that the latter, as grantee, is entitled to all rents collected thereafter during the statutory period of redemption.

The original mortgage granted to plaintiff the real estate involved "together with all and singular the tenements, hereditaments, privileges and appurtenances thereunto belonging, or in anywise appertaining with said rents, issues and profits." The mortgage provided further that, if default should be made, the mortgage might be immediately foreclosed and the mortgagee might enter upon the premises and receive "all rents, issues and profits thereof," and that upon maturity or default any court in which foreclosure should be pending should appoint a receiver to take possession of all the premises and "all crops thereon and to collect the rents." A receiver was appointed in pursuance of this power and directed to collect the rents and profits and report the same to the court. Upon approval of the sale by the master in chancery, in its decree of October 10, 1936, the court

said: "It is further ordered, adjudged and decreed by the court that the receiver heretofore appointed in this cause be continued as such receiver and that all moneys collected by or accruing to said receiver, until the expiration of the statutory period of redemption, be applied, after the payment of the reasonable compensation for the services of said receiver and of his counsel, and the other expenses of said receivership herein, first toward the payment of the deficiency judgment decreed the said complainant as aforesaid, with interest thereon, and after the full payment of said deficiency judgment that said receiver bring any overplus remaining in his hands into court, to abide the further order thereof." No appeal was taken from the decree of foreclosure or the decree approving the sale.

In this situation the mortgagee contends that its lien covers the rents and profits and that it is entitled to exhaust the same during the period allowed for redemption for the purpose of satisfying the resulting deficiency in the mortgage indebtedness after sale of the property. The petitioners contend that as they are ·in no wise liable for the deficit, the redemption made by them satisfied the mortgage lien, the mortgage does not cover the rents, and the plaintiff has no remedy in the way of collection of rents to apply upon the deficiency judgment.

█ Clearly the language of the habendum clause of the mortgage is such as to create a lien on the rents during the period of redemption. The instrument further authorizes the mortgagee to enjoy the same and empowers the court to appoint a receiver to collect the same. This language, the courts of Illinois have frequently held, is sufficient to create a lien upon the rents, issues, and profits. Perlman v. Marzano, 338 Ill. 109, 170 N.E. 254; First National Bank of Joliet v. Illinois Steel Co., 174 Ill. 140,, 51 N.E. 200; Rohrer v. Deatherage, 336 Ill. 450, 451, 168 N.E. 266; Chicago Title & Trust Co. v. Mack, 347 Ill. 480, 180 N.E. 412; Bagley v. Illinois Trust & Savings Bank, 199 Ill. 76, 64 N.E. 1085; Townsend v. Wilson, 155 Ill.App. 303; Owsley v. Neeves, 179 Ill.App. 61; Walenti v. Krolik, 234 Ill.App. 407.

█ Concerning powers of courts of equity in Illinois to take possession of and apply toward extinguishment of the mortgage debt the rents and profits of prem-

ises, the Supreme Court of this state in First National Bank of Joliet v. Illinois Steel Co., 174 Ill. 140, 51 N.E. 200, pointed out that though the mortgage creates no express lien on the rents and profits, the court may appoint a receiver ·to collect the rents during the redemption period and apply same on the indebtedness where it appears that the property is insufficient security and that the party personally liable is insolvent, but also that if the mortgage creates a lien upon the rents and profits there is no necessity of other finding and it is the . court's duty to appoint a receiver to collect the rents and apply the same upon any deficiency resulting from a sale of the land. Consequently the order of this court. in appointing a receiver to collect the rents and apply the same as it did under a mortgage which pledged the rents was a proper exercise of equitable jurisdiction.

█ The controversy presented, however, arises from the peculiar facts involved, namely, that there has been a redemption of the land by a subsequent grantee of the equity of redemption; that thereby the effectiveness of the sale as such has been discharged; that the deficiency judgment was entered against the former owners of the equity of redemption alone; and that the land is owned by a subsequent grantee who is in no wise personally liable upon the mortgage indebtedness. In this situation it is insisted that the mortgage was merged in the decree and sale; 'that the latter was satisfied by the redemption; and that a court of equity is without power to seize the rents and apply the same upon the deficit as against the subsequent grantees of the equity of redemption, the present peti- tioners.

It will be observed, however, that the decree of sale in this case provided for a sale of the mortgaged premises alone and not for a sale of the rents or crops to be derived from the land during the period of redemption, all of which were as effectually conveyed to the mortgagee as security as the land itself. The decree of sale, therefore, was not a satisfaction of that part of the security represented by the mortgage upon crops or rents so long as any part of the mortgage debt remained unpaid. Such rents and profits, which, might in most circumstances, in the absence of a mortgage thereof, belong to the mortgagor during the period of redemption, being mortgaged, remained lia-

ble under the lien as recourse for satisfaction of the unpaid portion of the secured debt. This court in its decree of foreclosure and in the order approving the sale disclosed such intent and awarded such relief.

This conclusion seems inevitable when we consider the effect of the mortgage. Thus, the Supreme Court of Illinois in First National Bank of Joliet v. Illinois Steel Company, 174 Ill. 140, 51 N.E. 200, 203, said: "Under the decree of foreclosure the property described in the mortgage was sold. The rents and profits to accrue during the period of redemption were not sold, and no order could be entered until it was ascertained at the foreclosure sale that the mortgaged premises were insufficient to pay the indebtedness evidenced by the mortgage. * * * The security, plainly, is not exhausted by the sale, for there is a fund included in it which is secondarily liable. It is true, the mortgagee has elected to foreclose and sell; but then he has pursued that remedy to the end, and without getting satisfaction of his debt, and he may avail himself of any just and equitable means of collecting the residue,—not that he may have such extraordinary remedy in all cases of a deficit in the proceeds, but only where it is indispensably necessary for his protection, and just and equitable." The court distinguished prior decisions and added: "The question involved in this case, to wit, where the property sold does not pay the mortgage debt, and where the mortgage has a provision that the rents and profits may be applied towards the payment of the indebtedness and costs, was not before the court in either of the cases cited by appellant."

The court referred with approval to Oakford v. Robinson, 48 Ill.App. 270. There the facts were similar to those here. A redemption had been made by a subsequent grantee who claimed title to the rents even though the mortgage included the same. The deficiency judgment there, too, was against the original mortgagor and not against his grantee. The following language was approved by the Supreme Court: "The rents and profits of the land, as well as the land, were pledged by the mortgage for the security and payment of the amount due the appellee. This authorized the appointment of a receiver, in the discretion of the court, without regard to the solvency of the mortgagor. 2 Jones, Mortg. § 1516:

8 Am. & Eng.Enc.Law, p. 234. And such appointment was lawfully made, though by a decree subsequent to the original decree. Id., p. 239. By the appointment of the receiver the appellants obtained an equitable lien on the rents and profits of the land during the statutory period allowed for redemption, · if necessary for the full payment of any deficiency in the security." This case was also cited by the Supreme Court in Bogardus v. Moses, 181 Ill. 554, 54 N.E. 984; and by the Appellate Court in Clark v. Building Ass'n, 58 Ill.App. 311; Townsend v. Wilson, 155 Ill.App. 303; Owsley v. Neeves, 179 Ill.App. 61.

■ The provision of the decree declaring a deficiency and providing for the payment of rents during the period of redemption is not essentially a personal judgment. It is rather the means provided by a court of equity for the enforcement and full enjoyment by the mortgagee of all that has been conveyed to him. Fidelity Trust & Savings Bank v. Ahlgrim, 278 Ill.App. 147; Chicago Title & Trust Co. v. Suter, 287 Ill.App. 162, 4 N.E.(2d) 650. See, also, Straus v. Bracken, 242 Ill.App. 122; Henry v. Woolf, 187 Ill.App. 129; Hack v. Snow, 338 Ill. 28, 169 N.E. 819; Townsend v. Wilson, 155 Ill.App. 303; Bagley v. Illinois Trust & Savings Bank, 199 Ill. 76, 64 N.E. 1085. It follows that the insolvency of the mortgagor is not necessarily a condition precedent to the enforcement of the lien on the rents. Cashmore v. Hanna, 276 Ill.App. 339; Bagley v. Illinois Trust & Savings Bank, 199 Ill. 76, 64 N.E. 1085; Prussing v. Lancaster, 234 Ill. 462, 84 N.E. 1062.

■ The rights of the grantee of the mortgagor are no greater than that of her grantor, for she takes the property subject to the right to enforce the lien upon the rents. Since the grantee's rights spring from the grantor, they can be no greater than his. Bolton v. Starr, 223 Ill.App. 39; Straus v. Bracken, 242 Ill. App. 122; Hack v. Snow, 338 Ill. 28, 169 N.E. 819.

The petitioner relies upon Baldwin v. Tuttle, 215 Ill.App. 57; Frank v. Siegel, 263 Ill.App. 316. But the decisions in each of these cases cannot be reconciled with the language of the Supreme Court and with the decision in Oakford v. Robinson, supra. Directly contrary to the cases cited is the Appellate Court decision in

Oakford v. Robinson, supra, approved by the Supreme Court in First National Bank of Joliet v. Illinois Steel Co., supra.

If I am wrong in believing that the Supreme Court's language is decisive, the reasoning of the Appellate Court in Oakford v. Robinson, supra, appears to me as the sounder logic.

Some of the cases cited by petitioners have to do with claims to rents by purchasers at foreclosure sales. That there is a distinction between such claims and those by mortgagees is apparent from the language of Owsley v. Neeves, 179 Ill.App. 61. There a grantee of the mortgagor sought to recover rents pledged in the mortgage, as against the mortgagee. The court said:

"Appellees are not entitled to the rents as purchasers [although they had purchased the property at the foreclosure sale] as we have already suggested, and if the question in this case, as in those above cited, was a question pure and simple as to whether a purchaser, as purchaser, or the owner of the equity of redemption was entitled to the rents, we would hold that the latter is entitled to them. But the question here involved is not between appellees as purchasers and appellant as the owner of the equity of redemption, and, therefore, those cases cited are not in point. * * *

"As appellees had the equitable right to have their deficiency judgment satisfied out of the rents in question, appellant's second contention that the court should have waited until the expiration of the period allowed for redemption before making final disposition of the rents, is also untenable. Appellees had the right to the rents whether the premises should or should not be redeemed from the sale. Redemption would certainly render the certificate of purchase null and void, but could not in this case defeat appellees in their right to have the pledged rents applied to the extinguishment of their deficiency judgment."

The statute confirms this conclusion. Section 18, chapter 77 of Smith-Hurd Ill. Stats.; paragraph 18, chapter 77 the Illinois Rev.Statutes, provides for redemption by a mortgagor or his assignee, adding: "Whereupon such sale and certificate shall be null and void." Thus the Supreme Court said in Chicago Joint Stock Land Bank v. McCambridge, 343 Ill. 456, 175 N.E. 834, 836 · "A sale under a decree of foreclosure of a mortgage extinguishes the mortgage and satisfies the debt secured by it to the extent of the purchase price received."

Under section 20 of the same statute provision is made for redemption by a judgment creditor. This statute is entirely silent as to nullification of the sale. Rather it and the certificate of purchase remain in full force and the judgment creditors' title emanates therefrom. Shedding light upon the distinctions in these different sorts of redemptions are Ogle v. Koerner, 140 Ill. 170, 29 N.E. 563; First National Bank v. Illinois Steel Co., supra, and Burgett v. Paxton, 99 Ill. 288; Lawn View Building Corporation v. Weinstock, 288 Ill.App. 320, 6 N.E.(2d) 276; Hack v. Snow, 338 Ill. 28, 169 N.E. 819.

It is doubtful if, at this stage of the proceedings, petitioner Hall, a defendant in the foreclosure cause, or her subsequent assignee, petitioner Dilatush, taking pendent lite, may attack the previous orders of foreclosure and approving the sale, in which the court found and decreed that the mortgage covered the rents and that same should be applied upon payment of the deficiency judgment. Thus in Perlman v. Marzano, 338 Ill. 109, 170 N.E. 254, it was held that in the absence of an appeal from similar orders, appeals from subsequent orders cannot reach the validity of the orders unappealed from.

Petitioner insists that the receiver is without right to recover because he was improvidently appointed in that the plaintiff was not required to give a bond when the appointment was made, as required by chapter 22, section 55, Smith-Hurd Ill.Stats.; chapter 22, paragraph 55, Ill.Rev.Stat. No appeal was taken from the order. The court had jurisdiction of the parties and of the subject-matter. The mortgagors in their mortgage consented to the appointment. No direct attack upon the order has ever been made; the present contention constitutes merely a collateral attack. Under well-recognized rules, no matter how erroneous the order of the court appointing the receiver may have been, in the absence of direct attack, it is valid. For this reason and because of the consent to the appointment, the collateral attack now made must fail. Chicago Title & Trust Co. v. Mack, 347 Ill. 480, 180 N.E. 412.