Citizens State Bank et al., v. Charles J. Goebel et al. Barton A. Scowley, Appellant, v. William G. Eich and Charles H. Albers, Appellees.

Gen. No. 39,337.

Opinion filed October 19, 1937.

H. C. RUMERY, of Chicago, for appellant.

TRUDE & KAHANE, of Chicago, for certain appellees; DAVID W. KAHANE and MARTIN PIEPENBURG, both of Chicago, of counsel. BROWN, FOX & BLUMBERG, of Chicago, for certain other appellees; JACOB PINCUS, of Chicago, of counsel.

MR. JUSTICE SCANLAN delivered the opinion of the court.

Barton A. Scowley (appellant), a defendant in foreclosure proceedings, filed a verified petition that he be awarded $487.50 which was on deposit with the clerk of the court. William G. Eich and Charles H. Albers, Receiver, respondents (appellees), filed a joint answer to the petition asking the court to award them the said sum. Upon a hearing the court entered an order directing the clerk to pay said sum to appellees. Scowley appeals.

It was stipulated at the hearing that the material facts were correctly stated in the petition and answer. The order recites that upon the hearing the court considered the petition and answer and "the files and records of this proceeding."

The petition recites that at the time the bill was filed the appellant was the owner of the premises in question "and of the rents, issues and profits thereof sub-

ject only to the liens described in the decree herein''; that the Chicago Bank of Commerce was appointed receiver of the premises and continued to act as such until July 7, 1932, when it was removed as receiver; that at the time of its removal the Bank ''had in its hands $712.50 the property of this petitioner, and on December 3, 1932, paid said sum to the Clerk of this court and thereafter said Clerk, by order of this court, paid out from said sum $225.00 leaving $487.50 the property of your petitioner in his hands, and that said $487.50 still remains in the possession of said Clerk''; that on July 18, 1933, a decree of sale was entered in the cause and the premises were sold by a master in chancery, on September 6, 1933, and the sale was afterwards approved and confirmed, ''and it was ordered that Charles J. Goebel and Violet Goebel, two of the defendants herein, pay the amount of the deficiency remaining after said sale to the parties found entitled thereto''; that neither the decree nor the order approving the sale ordered that said $487.50 be applied upon the indebtedness found due by the decree and that ''all right of the complainant and other parties under the trust deed . . . were merged in said decree, and that by reason of the failure of said decree and of the order approving the sale made thereunder to decree that said sum be paid to the complainant, it became res adjudicata that neither the complainant nor any party to this suit other than your petitioner had any right or claim to said sum or any part thereof.'' The petition prayed that an order be entered directing the clerk to pay appellant said $487.50.

The verified answer of appellees recites, *inter alia,* that Chicago Bank of Commerce was removed as receiver because it had been closed by the auditor of public accounts; that DeForrest A. Matteson was appointed successor receiver; that on November 30, 1932, ''without notice to these respondents,'' an order was entered requiring the surety on the bond of said Bank

to pay $712.50 to the clerk of the court; that on December 3, 1932, said surety paid said sum to said clerk; that respondents "had no knowledge of the money having been paid to the Clerk . . . until they were served with notice on September 3, 1936 of the petition" of appellant; that on December 15, 1932, the final report and account of said Bank, as receiver, was approved; that it showed a balance on hand of $712.50 and unpaid bills in the sum of $116.10; that the order of approval provided that the clerk pay $125 to the solicitor for the receiver, $100 to the bonding company, *and the balance, $487.50, to the successor receiver;* that on May 24, 1934, an order was entered removing the successor receiver and appointing Edward C. Hoyer as second successor receiver; that the clerk never complied with the order requiring him to pay the balance of $487.50 to the successor receiver; that on April 19, 1935, said second successor receiver filed his final report and account, showing a balance of $364.43; that the court allowed said receiver $65 for his services, approved the account and ordered said receiver to pay the balance of $299.43 to be applied on account of the unpaid bills left by his predecessor receiver. The answer recites certain parts of the decree entered in the cause, from which it appears "that the rents, issues and profits of said premises are and were pledged for the payment of the indebtedness herein by the trust deed being foreclosed herein pending foreclosure proceedings and also until the period of redemption from any sale thereunder expires, the court hereby retains jurisdiction for the purpose of appointing or continuing the receiver herein for the collection of the rents, issues and profits from said premises for and during the period of redemption, and may grant such other power and authority to said receiver as to the court may seem meet, and that any deficiency decree entered in this cause shall be a lien upon the rents, issues and profits of

said premises for and during the period of redemption.'' The answer further states that in the order approving the sale the following appears:

''It is therefore Ordered, Adjudged and Decreed that said defendants, Charles J. Goebel and Violet Goebel, pay to Otto J. Gondolf and William G. Eich the sum of Two thousand nine hundred seventeen and 64/100 Dollars, together with interest thereon at five per cent per annum from September 6th, 1933, and that executions issue therefor.

''It is further Ordered, Adjudged and Decreed that said defendants, Charles J. Goebel and Violet Goebel, pay to William A. Heath, receiver of Citizens State Bank of Chicago, a corporation, the sum of Eight hundred two and 49/100 dollars, with interest thereon at five per cent per annum from September 6th, 1933 until paid, and that execution issue therefor.

''It further appearing that DeForrest Matteson was heretofore appointed receiver in said cause for said premises, it is further Ordered that DeForrest Matteson continue to act as such receiver for and during the entire period of redemption or until said deficiencies and interest thereon have been paid in full.''

The answer further states that after the entry of the deficiency decree Otto J. Gondolf died and that in the matter of his estate an order was entered requiring the executrix under his will to assign to William G. Eich all of her interest in the foreclosure proceeding. The answer further states ''that the Clerk of this Court should have paid $487.50 to DeForrest A. Matteson as successor receiver, or he should have paid the same to Edward C. Hoyer, second successor receiver herein, and that in default of so doing said sum should now be applied to any bills remaining unpaid incurred by said receiverships, and thereafter should be paid pro-rata to William G. Eich and to Charles H. Albers as Receiver for Citizens State Bank of Chicago, on account of the aforesaid deficiency decrees. These re-

spondents deny that Barton A. Scowley is entitled to the aforesaid sum of $487.50 deposited with the Clerk of this Court or any part thereof; and deny that these respondents have no further claim thereto; and further deny that the Court has no jurisdiction to pay the same over to these respondents.''

On the appointment of a receiver in a foreclosure suit where the trust deed pledges the rent the complainant obtains a specific lien on the rents to satisfy any deficiency. (*Ortengren v. Rice,* 104 Ill. App. 428, 431; *Oakford v. Robinson,* 48 Ill. App. 270; *Howard v. Burns,* 201 Ill. App. 579.) Appellant concedes that the rents were subject to the lien of the trust deed and that by appropriate proceedings the amount in the hands of the clerk might have been applied to the payment of the deficiency debt, but he contends that no such proceedings were taken and that by the decree complainant exhausted his remedy not only as to the liens actually referred to in the decree but all such liens which might have been settled and foreclosed therein, and that therefore the sum of money in question cannot be applied to the payment of a deficiency decree ''entered not against him but against others.'' In *Powell v. Voight,* 261 Ill. App. 127, 130, we said: ''Where there is a deficiency, a pledge of the rents during the redemption period is not extinguished by the foreclosure and sale, and the owner of the deficiency as well as the judgment debtors is entitled to have it satisfied out of such rents. (*Prussing v. Lancaster,* 234 Ill. 462, 467; *Continental and Commercial Trust & Savings Bank v. Leven,* 213 Ill. App. 310, 314.) After the foreclosure sale and entry of the deficiency decree, the trust deed remained in force as to the pledge of the rents during the redemption period only for the purpose of satisfying the deficiency decree. (*Townsend v. Wilson,* 155 Ill. App. 303, 307, 308; *Elgin City Banking Co. v. Hancock,* 183 Ill. App.

23; *First Nat. Bank of Joliet v. Illinois Steel Co.,* 174 Ill. 140, 148.) ''

''A pledge of rents during the redemption period is not extinguished by a foreclosure and sale, and the owners of the deficiency judgment, as well as the judgment debtors, are entitled to have it satisfied out of such rents. (*Prussing v. Lancaster,* 234 Ill. 462.) . . . After the foreclosure sale and entry of the deficiency decree the trust deed remained in force as to the pledge of rents during the redemption period only for the purpose of satisfying the deficiency decree. *First Nat. Bank v. Illinois Steel Co.,* 174 Ill. 140.'' (*Powell v. Voight,* 348 Ill. 605, 608.)

The foreclosure decree could not adjudicate the right to the money in question, because the court could not determine who was entitled thereto until after the sale. (*First Nat. Bank v. Illinois Steel Co.,* 174 Ill. 140, 150; *Owsley v. Neeves,* 179 Ill. App. 61, 64, 65.) We are unable to find any merit in appellant's contention that respondents waived their right to the funds. It is stipulated that appellees had no knowledge of the money's having been paid to the clerk until they were served with appellant's notice of petition on September 3, 1936. If the fund in question had been paid by the clerk to the successor receiver, as he was required by order of court to do, it would have been applied by said receiver to the payment of unpaid bills incurred by him or to the deficiency decree. As appellees argue, '' 'Equity regards that as done which ought to be done,' equity will impress this fund with respondents' rights.'' The character of the fund was not changed by the misprision of the clerk in failing to obey the order of the court. The money paid to the clerk was a fund of the court and under its control. (*B. & O. R. R. Co. v. Gaulter,* 165 Ill. 233.)

''Where a clerk, master in chancery or other officer of the court has received by virtue of his office, or

has had come into his hands in the course of some legal proceeding, money or property which he has no equitable right to retain, the court in which such proceeding is pending has jurisdiction, on petition or motion of the party entitled thereto entered in the same suit, to order the money or property returned to the party to whom it belongs, even though his term of office has already expired. *Baltimore & O. R. Co. v. Gaulter,* 165 Ill. 233; *Metropolitan Trust & Savings Bank v. Perry,* 194 Ill. App. 277." (*Finn v. Wetmore,* 212 Ill. App. 550, 553.)

The court had jurisdiction to direct the disposition of the moneys in the hands of the clerk for the purpose for which they were deposited with said official. The order appealed from did not change the decree; it merely enforced it.

Appellant argues, apparently, that because he did not assume to pay the mortgage debt secured by the trust deed he stands in a different light than the mortgagors against whom the deficiency decree was entered. That there is no merit in this contention, see *Straus v. Bracken,* 242 Ill. App. 122, 134; *Owsley v. Neeves, supra,* p. 63. See also *Powell v. Voight, supra.*

We find no equity in appellant's appeal. Not only appellees but the mortgagors as well, were entitled to have the fund in question applied on the deficiency decree.

It appears from the order appealed from that the trial court, in determining the merits of the petition and answer, considered the files and records in the foreclosure proceeding, and it is somewhat significant that appellant has not seen fit to include these files and records in the instant record.

The order of the superior court of Cook county is affirmed.

*Order affirmed.*

FRIEND, P. J., and JOHN J. SULLIVAN, J., concur.